REZIN A. MAYNARD AND EDWIN BRADFORD, PROPONENTS OF THE LAST WILL AND TESTAMENT OF MATTIE V. VINTON, DECEASED, v. PORTER VINTON, CONTESTANT.

*Costs— When amount paid for transcript of stenographer's notes is taxable— The general and special statutes construed.*

1. Section 6515, How. Stat., makes it the duty of the stenographer in the Kent circuit on the request of the counsel for either party to furnish a transcript of the testimony or proceedings in a case to be paid for by the party so requiring it, which shall be deemed the official record of the court, provided that if the judge shall desire such copy the stenographer shall make and file the same. *Held,* in a case where the judge refused to order such transcript but stated that he could not settle a bill of exceptions without it, and the appellant thereupon procured and paid for said transcript at the statutory rate, that the sum so paid should be taxed in favor of the appellant who was successful in the Supreme Court.

2. Section 6506, which makes it the duty of stenographers outside of the Wayne, Kent and Saginaw circuits, in case the judge, or the counsel for either party shall desire it, to make a legible transcript of his notes, to be filed by the clerk and preserved as part of the files in the case, subject to the inspection and use of both parties, plainly implies that he must do this without extra charge to or compensation from the parties, and the decision in *Bell v. Pate,* 48 Mich. 640, was specifically put upon that ground, and it was further held that if the stenographer refused to comply with the statute he could be compelled so to do.

Motion for retaxation of costs. Argued February 9, 1886. Decided February 17, 1886. Retaxation ordered.

*Lyman D. Norris,* for motion.

*A. C. Adsit,* contra.

MORSE, J. It appears that in settling the bill of exceptions in this cause it became necessary to use a copy of the steno-

grapher's notes of the evidence taken on the trial. The counsel for appellants requested the circuit judge to make an order requiring the stenographer of the court (Kent circuit) to file a copy of the testimony and proceedings in the cause. The circuit judge refused to make such order, but at the same time stated that he could not settle said bill of exceptions without such notes and copies. Appellant's counsel then caused such copies to be filed, and paid for them, or obligated themselves to do so. Such copies of the testimony and proceedings were used by the counsel for both parties in settling said bill. The copies were made, a portion by Henry F. Walch, the official stenographer of the court, of the testimony taken by him, and the balance by one Langley, an assistant of said Walch, who took the notes of the testimony not taken by said Walch. The testimony amounted to 1,575 folios, and the amount charged therefor being the sum of $125.10. Upon the taxation of costs in this Court the clerk refused to allow this amount. Appellants now move the court to have the same allowed and taxed in their favor. The section of the statute relating to transcripts of stenographers' notes for the Kent circuit provides that "it shall be the duty of the stenographer, * * in case the counsel for either party shall desire a transcript of the testimony or proceedings, to furnish the same, and he shall be entitled to receive therefor from the party so requiring it the sum of ten cents per folio for each folio so transcribed, and such record shall be deemed the official record of the court: *Provided,* that if the judge shall desire a copy of the testimony and other proceedings upon any trial, the stenographer shall make and file the same:" How. Stat. § 6515.

We think, under the circumstances shown in this case, that the items paid, and to be paid, for the transcripts used in settling the bill of exceptions should be allowed and taxed against the contestant. In opposition to this allowance we are cited to the former decisions of this Court in *Hayes v. Livingston,* 35 Mich. 371; *Detroit, G. H. & M. Ry. Co. v. Hayt,* 55 Mich. 347. The rulings in both of these cases were made under the general law governing the circuits, out-

side of the Wayne, Kent and Saginaw circuits, which provides that "in case the judge, or the counsel for either party, shall desire it, he shall make a legible transcript of his notes, which shall be filed by the clerk, and preserved as part of the files in the cause, subject to the inspection and use of both parties." The language of this statute plainly implies that the stenographer must do this without extra charge to, or compensation from, the parties, and the decision in *Bell v. Pate*, 48 Mich. 640, was specifically put upon that ground; and it was further held that if the stenographer refused to comply with the statute he could be compelled to do so. It will be seen that the law in the Kent circuit is different. The stenographer cannot be compelled by the parties to file a transcript without payment of ten cents per folio, unless the judge makes an order requiring him to do so. In a case like the present, where the judge refuses to make such order, and yet refuses to settle the bill of exceptions without such transcript, the party appealing, who is obliged to obtain and pay for it, is entitled, in case he prevails in this Court, to have the amount so paid taxed as a legitimate expenditure in the cause.

The items, amounting in all to $125.10, will be taxed by the clerk with the other items in the bill of costs presented, save the two-dollar item for "diagrams in printed record," the same not being specifically covered by the affidavit attached to said bill of costs as filed.

The other Justices concurred.