GEORGE H. THURSTIN v. RANSOM C. LUCE.

[See 61 Mich. 292.]

*Costs—Stenographer of superior court of Grand Rapids—Required by How. Stat. sec. 6590, to file copy of his notes on order of court without charge— And by sec. 6591 to furnish such copy to parties on payment of his statutory fees—Which cannot be taxed by party paying same who has made no attempt to avail himself of the provisions of sec. 6590—Bill of exceptions—Expense of preparation of cannot be taxed as costs in Supreme Court—Amount paid for copy furnished printer, taxable.*

1. Sec. 6590, How. Stat., makes it the duty of the stenographer of the

superior court of Grand Rapids, upon the order of the court, to make and file for the *use* of the court and parties, without fee or charge, a copy of the notes taken by him on the trial of any cause, and section 6591 obliges him to furnish such copy to any party requesting the same, and fixes his fees therefor.

*Held,* in a case where a party procured such copy on his *own motion,* without any effort to take advantage of section 6590, that the payment therefor was *voluntary* on his part, and falls within the decisions under the general law relating to stenographers, and the fees paid cannot be taxed as costs in the Supreme Court.

2. Where the original bill of exceptions was prepared, under the dictation of the attorneys, by a stenographer, who made three copies of the same, receiving five cents per folio for the original and one cent per folio for each copy,—

*Held,* that the expense of preparing the original bill could not be taxed, and that the amount paid for the copy for the printer was all that could be taxed as costs.

Motion for retaxation of costs. Argued April 22, 1886. Decided June 10, 1886. Retaxation ordered. The facts are stated in the opinion.

*L. A. Ward* and *N. A. Earle,* for motion.

*Godwin & Earle, contra.*

MORSE, J. · The plaintiff, by his counsel, objects to the taxation of two items in the defendant's bill of costs in this Court :

1. To $184.50, charged for stenographer's copy of testimony used in the making and settlement of bill of exceptions.

2. To $46.65, claimed and taxed by the clerk at $42.95, for copy of record for printer.

In regard to the first item, it appears that no application was made to the judge of the superior court of the city of Grand Rapids, for an ·order requiring the official stenographer of that court to make and file a copy of his notes of the testimony, under How. Stat. § 6590, which provides that—

" It shall be the duty of the said stenographer, upon the order of the court, to write out in legible English a full

copy of the notes taken by him on the trial of any cause, without fee or charge, and file the same with the clerk of said court, for the use of the court and the parties to said cause ; and such copy shall be made and filed within such time as the court shall order."

How. Stat. § 6591, governing the stenographer of this court, also provides that—

"It shall be the duty of said stenographer to furnish, without delay, copies of the notes taken by him, written out in legible English, to any party who may request the same ; and he shall be entitled to demand and receive therefor not to exceed ten cents for each folio of one hundred words."

The section of the statute first above referred to is very similar to the statute governing the stenographer of the Kent circuit, which was referred to in *Maynard v. Vinton*, 59 Mich. 155, differing mostly in a transposition of words. How. Stat. § 6515.   The case above cited is relied upon for the taxation of this item in this case.   But the item in *Maynard v. Vinton* was allowed by us expressly for the reason that the judge of the circuit court, upon application, refused to make an order requiring the stenographer to file a copy of his notes under the statute, and also refused to settle the bill of exceptions without such copy.   The effect of this ruling was to force the appealing party to procure a copy, and to pay for it ; and in such case we held he was entitled, if he prevailed in this Court, to tax the same as a part of his necessary costs and expenses.

The case here is different.   The defendant was not obliged to procure this copy.   He obtained it upon his own motion, without any effort to take the advantage of the statute.   His payment for the copy must be considered as voluntary, and comes within the decisions of this Court under the general law in relation to stenographers.   *Hayes v. Livingston*, 35 Mich. 371; *Detroit, G. H. & M. Ry. Co. v. Hayt*, 55 Id. 351; *Bell v. Pate*, 48 Id. 640.   The item should not have been taxed.

In relation to the second item, it is shown, without dispute, that the original bill of exceptions in the cause was·

prepared, under dictation of the attorneys, by Lizzie Hanna, a stenographer, in Grand Rapids, who made three copies of the same, for which she was paid at the rate of five cents for the original, per folio, and one cent per folio for each copy. In the taxation plaintiff was allowed for one-half of 1,718 folios, at five cents, amounting to $42.95. We think he should have been allowed only one-half of the same number of folios, at one cent, to-wit, $8.59.

The preparing of the original bill of exceptions could not be taxed, and the copy of the same furnished to printer must be taxed at its cost.

The bill of costs will therefore be retaxed by the clerk of the Court in accordance with the views above stated.

The other Justices concurred.