CITY OF GRAND RAPIDS *v.* COIT.

1. APPEAL—EFFECT—JURISDICTION BELOW.

An appeal to this court ends the jurisdiction of the lower court unless the case is remanded for further proceedings.

2. COURTS—ORDERS—NUNC PRO TUNC ORDERS—OFFICE.

The office of a nunc pro tunc order is not to create, but to speak what has been done, to supply an omission in the record of action really had but omitted from the record through inadvertence or mistake, or to enter an order which should have been made as a matter of course, and as legal duty.

3. COSTS—APPEAL—STENOGRAPHER'S FEES—TAXATION—NUNC PRO TUNC ORDER.

Where, on appeal to this court from the superior court of Grand Rapids, the verdict in condemnation proceedings was set aside and a venire de novo awarded and the appellant was not allowed to tax as costs the stenographer's fees for the testimony taken upon the trial because counsel had not complied with section 644, 1 Comp. Laws, the court below had no jurisdiction thereafter to entertain a petition and enter an order for the testimony nunc pro tunc.

Proceedings by the city of Grand Rapids against Clara M. Coit and others to condemn land for street purposes: On motion for a retaxation of costs. Submitted January 14, 1908. (Calendar No. 22,159.) Denied January 31, 1908.

*Gleason & Lee*, for the motion.

*Moses Taggart*, contra.

PER CURIAM. This cause on appeal to this court was reversed with costs to the respondents and appellants. 149 Mich. 668. In the taxed bill of costs was an item of $108.96, stenographer's fees for testimony taken upon the trial. This item was taxed by the clerk in favor of the appellants. An appeal was taken from that taxation to

this court and the item excluded on November 7, 1907, because counsel for the respondents had not complied with section 644, 1 Comp. Laws, and therefore were not entitled to tax this item.  *Thurston* v. *Luce*, 61 Mich. 488.

On December 12th thereafter, the respondents presented a petition to the superior court of Grand Rapids, setting up the decision of this court, and asking that said petition be filed nunc pro tunc, and that a nunc pro tunc order based thereon be granted which would authorize the taxation of the costs.   Such an order was granted and the respondents now petition this court for a rehearing on the question of taxation, and ask that that item be allowed.

The appeal to this court ended the jurisdiction of the lower court, unless the case was remanded from this court for further proceedings.   The order of taxation made by this court was based upon the record as presented here.   The office of a nunc pro tunc order is " to speak what has been done, not to create" (*Cox* v. *Gress*, 51 Ark. 224); or to supply an omission in the record of action really had but omitted through inadvertence or mistake (*Perkins* v. *Hayward*, 132 Ind. 95); or to enter an order which should have been made as a matter of course, and as a legal duty (15 Enc. Pl. & Pr. p. 344).

The respondents took no steps under the statute establishing the superior court of Grand Rapids to obtain an order by which they would have been entitled to charge this item.   There was therefore no omission or mistake in the record for the court to correct, nor had respondent taken any action entitling them to any order on the subject.   It is in effect an entirely new proceeding, and the court was without jurisdiction to make it.

The motion is denied.