SCOTT *v.* UNIVERSITY OF MICHIGAN ATHLETIC ASS'N.

COSTS—ITEMS TAXABLE—STENOGRAPHER'S FEES—ORDER OF COURT
—NECESSITY—STATUTE—CONSTRUCTION.

Under Act No. 183, Pub. Acts 1897 (sections 363–414, 1 Comp.
Laws), which expressly repeals and supersedes all special
statutes heretofore in force in the several circuits, the ex-
pense of procuring a stenographer's transcript of testimony
to use in settling a bill of exceptions is taxable as costs,
though no application was made to the circuit court for an
order requiring the stenographer to furnish it free of cost.

Case by Frank W. Scott against the University of
Michigan Athletic Association and others for personal in-
juries: On motion for retaxation of costs. Submitted
September 15, 1908. (Calendar No. 22,452.) Denied
September 29, 1908.

*Arthur Brown* and *Edson R. Sunderland,* for the
motion.

*J. W. Bennett,* contra.

PER CURIAM. This is a motion to retax costs in this
court. Appellant procured from the stenographer a copy
of the testimony given at the trial for the purpose of set-
tling a bill of exceptions, and the clerk has taxed the cost
thereof over the objection made by appellees that, because
no application was made to the circuit judge for an order
requiring the stenographer to furnish a transcript free of
cost, the expense of such transcript is not taxable as costs.
See *Hayes* v. *Livingston,* 35 Mich. 371; *Maynard* v.
*Vinton,* 59 Mich. 156; *Thurstin* v. *Luce,* 61 Mich. 486;
*City of Grand Rapids* v. *Coit,* 151 Mich. 109. The
question raised by this objection is the only one requiring
discussion.

The case was tried in the Washtenaw circuit. The

state of the law upon this subject prior to 1897 is shown in the note to Circuit Court Rule No. 47 (Stevens' Ed.) Michigan Revised Rules of Practice. Act No. 183, Pub. Acts 1897 (1 Comp. Laws, §§ 363–414), entitled "An act to provide for the appointment and to fix the term of office, duties and compensation of circuit court stenographers in the State of Michigan," contains an express provision for the taxation of such an item of expense as costs, and expressly repeals all acts and parts of acts contravening the provisions of that act. This statute supersedes the numerous special statutes theretofore in force, applies to all the circuits, and is authority for taxing the item objected to.

Motion to retax is denied, with costs.