Argued and submitted May 8, 1987, reversed and remanded for further proceedings
March 9, 1988

## INDUSTRIAL UNDERWRITERS, INC.,
*Appellant,*

*v.*

## JKS, INC., et al,
*Respondents.*

(A8403-01802; CA A40151)

750 P2d 1216

John Faust, Portland, argued the cause for appellant. On the briefs were Richard J. Kuhn, Mildred J. Carmack and Schwabe, Williamson, Wyatt, Moore & Roberts, Portland.

I. Franklin Hunsaker, Portland, argued the cause for respondent Empire Fire & Marine Insurance Company. With him on the brief were Thomas D. Adams, Steven F. English and Bullivant, Houser, Bailey, Hanna, Pendergrass, Hoffman, O'Connell & Goyak, Portland.

No appearance for respondent JKS, Inc.

Before Buttler, Presiding Judge, and Rossman and Deits, Judges.

PER CURIAM

## PER CURIAM

When counsel for the parties appeared on the day set for trial, and before the jury had been impaneled, the trial judge announced that he was prepared to grant summary judgment[1] for defendant Empire Fire, although no motion had been made. Defendant's counsel propitiously stated, "I so move." Plaintiff's counsel objected, stating that he was there to start trial and would like to do so. Although the court permitted plaintiff to add what it wanted to the record over the next several weeks, the court decided on that day to grant the motion.

We agree with plaintiff that the case was not in a posture for summary judgment. ORCP 47 provides detailed procedures for summary judgment, including time restrictions and provisions for affidavits and counter-affidavits. The moving party has the burden to show that there is no genuine issue of material fact. Plaintiff had developed its evidence in preparation for trial, not to oppose a motion for summary judgment or to focus on the question of whether there was an issue of fact. Although summary judgment ultimately might be the proper disposition, the judge erred in granting summary judgment on his own motion.[2]

Reversed and remanded for further proceedings not inconsistent with this opinion.

---

[1] The trial court had just decided a very similar case, *Empire Fire & Marine Ins. Co. v. Fremont Indemnity Co.*, 90 Or App 56, 750 P2d 1178 (1988), at the time this case came to trial.

[2] Although the court's judgment was not entered until six weeks after the judge announced his intention to decide the case on summary judgment, the judgment itself and the trial judge's memorandum opinion recite that the judge had granted the motion for summary judgment on the day of trial, before the record on summary judgment had been made. Although the court went through the motions of permitting a record to be made for summary judgment and of allowing the parties to submit evidence creating issues of fact, the record shows that the judge had already decided to grant the judgment before the evidence was submitted.