Argued and submitted May 22, reversed and remanded in part; otherwise affirmed
October 11, 1989

# HENDGEN,
*Appellant,*

*v.*

# FOREST GROVE COMMUNITY HOSPITAL et al,
*Respondents.*

(87-0770C; CA A50070)

780 P2d 779

Lauren Paulson, Beaverton, argued the cause for appellant. With him on the briefs was Gleeson & Davis, Beaverton.

Lindsey Harris Hughes, Portland, argued the cause for respondent. With her on the brief was Hallmark, Keating & Abbott, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

**NEWMAN, J.**

Plaintiff brought this action for medical negligence and intentional infliction of emotional distress[1] arising out of defendant physician Garland's treatment of plaintiff at the emergency room of defendant hospital. Defendants moved for summary judgment on the negligence claim only and filed a supporting affidavit in which Garland averred that the care that plaintiff received met the applicable standard of care. They filed no other affidavits. Plaintiff did not furnish opposing evidence. The trial court granted the motion as to the negligence claim and, on its own motion, granted a summary judgment for defendants on the emotional distress claim as well. Plaintiff appeals from the resulting judgment.

■    Although the court did not err when it granted summary judgment on the medical negligence claim, *see Tiedemann v. Radiation Therapy Consultants,* 299 Or 238, 701 P2d 440 (1985), plaintiff contends that the court erred when it granted the *sua sponte* summary judgment on the emotional distress claim.[2] We held in *Industrial Underwriters v. JKS, Inc.,* 90 Or App 189, 750 P2d 1216 (1988), that it was reversible error for the trial court to allow a summary judgment when no motion had been made. Here, there was a motion for summary judgment, but it was not directed against the emotional distress claim. The trial court had no authority to make the *sua sponte* ruling, and its doing so was error.

■    Defendants contend that the judgment should be affirmed, because plaintiff cannot prevail on her emotional distress claim, as a matter of law. We address this argument because, if we were to agree with it, the court's error in granting summary judgment *sua sponte* would be harmless. There appear to be two facets to the argument: that it necessarily follows from the summary judgment on the negligence claim that defendants must prevail on the emotional distress claim and that plaintiff has failed to plead facts sufficient to constitute a claim for emotional distress. We disagree in both instances. There is no *necessary* dependency between a viable

---

[1] Plaintiff argues that the tort may be based on "reckless behavior in addition to intentional behavior." Her pleading, however, alleges only intentional misconduct.

[2] We reject defendants' argument that plaintiff has not preserved the error for our review.

claim against a physician and, derivatively, a hospital, for intentional infliction of emotional distress and the existence of an underlying claim against them for malpractice arising from related events. *See Rockhill v. Pollard,* 259 Or 54, 485 P2d 28 (1971). A judgment for defendants on the negligence claim does not necessarily preclude all possibility that defendants can be liable for intentional infliction of emotional distress.

Although the contention that a complaint fails to state a claim can be raised for the first time on appeal, we have adhered to the rule that, after judgment, such a contention should not be accepted if the asserted deficiency is merely "formal" or can be cured "by a simple amendment." *Isler v. Shuck,* 38 Or App 233, 237, 589 P2d 1180 (1979). We have been particularly reluctant to base a decision against an appealing plaintiff on insufficiency of the pleadings, if that was not the basis for the trial court's ruling and, had the question been presented to it, the trial court would have had the discretion to allow the plaintiff to replead. *See, e.g., Shaughnessy v. Spray,* 55 Or App 42, 50-51, 637 P2d 182 (1981), *rev den* 292 Or 589 (1982). Defendants identify several deficiencies in plaintiff's emotional distress allegations, but we are unable to say that plaintiff cannot cure the deficiencies by an amendment or that plaintiff *cannot* state a claim.

Reversed and remanded on claim of intentional infliction of emotional distress; otherwise affirmed.