Argued and submitted November 22, 1989, dismissal of first, second, seventh and eighth claims for relief reversed and remanded; otherwise affirmed January 17, 1990

PEREZ et al,
*Appellants,*

*v.*

COAST TO COAST REFORESTATION CORP. et al,
*Defendants,*

*and*

FOREST DEVELOPMENT, INC.,
*Respondent.*

(87C 11014; CA A60161)

785 P2d 365

Arthur E. Schmidt, Woodburn, argued the cause for appellants. With him on the briefs was Oregon Legal Services Corporation, Woodburn.

Robert L. O'Halloran, Portland, argued the cause for respondent. With him on the brief were Gregory B. Snook and Allen, Kilmer, Schrader, Yazbeck & Chenoweth, P.C., Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiffs brought this action for unpaid wages and for penalties and related relief under ORS 652.150 and the Farm Labor Contractors Act (the act). ORS 658.405 to 658.485.[1] Defendant Forest Development, Inc. (Forest)[2] moved to dismiss the amended complaint, contending that, because plaintiffs performed their services in Idaho, the Oregon statutes are inapplicable. Forest based its argument on choice of law principles and also contended in the trial court that it would be unconstitutional to apply the statutes "extraterritorially." The trial court granted the motion and entered judgment for Forest. Plaintiffs appeal, and we reverse.[3]

Plaintiffs alleged that they were recruited in Oregon by defendants Solis and Coast to Coast, who acted as Forest's agents, to perform reforestation work in Idaho in connection with a contract between Forest and the United States Forest Service. Forest and Coast to Coast are Oregon corporations and are licensed under the act. Plaintiffs and Solis are Oregon residents.

■ In their first assignment, plaintiffs contend that the court erred in dismissing their seventh and eighth claims, which are based on the act. They argue that every relevant event, except the labor itself, occurred in Oregon and that the Oregon act should apply. Forest contends that the place of the work is the most significant factor and that the act should not be applied "extraterritorially."[4] The parties present extensive and able arguments concerning the choice of law question. In

---

[1] The act was amended by Oregon Laws 1989, chapter 164, after the relevant events had occurred. The 1989 amendments are not applicable to this case. The act pertains to forestry as well as farm contractors and workers and, aside from the choice of law issue, it is not disputed that it covers the employment contracts in question.

[2] Defendants Coast to Coast Reforestation Corp. (Coast to Coast) and Solis, defaulted and judgment was entered against them. They are not parties to this appeal.

[3] The trial court dismissed the amended complaint in its entirety. Plaintiffs' assignments challenge only the dismissal of their first, second, seventh and eighth claims.

[4] Oregon Laws 1989, chapter 164, section 9, codified as ORS 658.501, now expressly makes the act applicable when workers are recruited in Oregon to perform out-of-state work. *See* n 1, *supra*.

On appeal, Forest has abandoned its constitutional arguments, and we expressly do not reach any constitutional questions.

our view, however, this case does not present a close question. It involves employment contracts entered into in Oregon between Oregon workers and Oregon employers. The act comprehensively regulates contracts of the kind in question. ORS 658.440(1)(f). Its purposes clearly include the protection of workers and the assurance of their compensation. *See, e.g.,* ORS 658.415(7), (8), (16); ORS 658.440(1)(d), (1)(f)(A); ORS 658.453(4). The act embodies a strong public policy and reflects an important fundamental interest of this state in transactions that arise under it. *Straight Grain Builders v. Track N' Trail,* 93 Or App 86, 92, 760 P2d 1350, *rev den* 307 Or 246 (1988). Idaho has no statute that corresponds to the act. We hold that the act applies to these Oregon employment contracts.

■ Forest also argues in response to plaintiffs' first assignment:

> "An alternative basis for affirming the trial court judgment is the fact that the amended complaint fails to state ultimate facts sufficient to constitute a claim against Forest as plaintiffs' 'employer.' Though Forest did not raise this issue below, it is not precluded from asserting it for the first time on appeal in defense of the trial court's judgment based on the grounds that were raised by Forest."

Assuming, without deciding, that an employer-employee relationship had to be pleaded to invoke relief under the act, we decline to affirm the dismissal on pure pleading grounds, when only substantive legal reasons for dismissal were presented to the trial judge and when an amendment might cure the defect. *Hendgen v. Forest Grove Community Hospital,* 98 Or App 675, 678, 780 P2d 779 (1989). Plaintiffs' first assignment is well taken.

In their second assignment, plaintiffs argue that the court erred in dismissing their second, non-statutory claim for unpaid wages. The third assignment is that the court erred by dismissing the first claim for wages and penalties under ORS 652.150 or its Idaho analog, Idaho Code § 45-606. Forest's responses are, again, that Idaho rather than Oregon law should apply and that plaintiffs failed to plead the requisite relationship. We reject those arguments and hold that the court erred in the respects that plaintiffs assert in both assignments.

Dismissal of first, second, seventh and eighth claims for relief reversed and remanded; otherwise affirmed.