177

Argued and submitted June 7, affirmed October 9, 1991

Shauna HENDGEN,
*Appellant,*

*v.*

FOREST GROVE
COMMUNITY HOSPITAL,
and James Garland, M.D.,
*Respondents.*

(87-0770C; CA A65010)

818 P2d 966

Lauren Paulson, Aloha, argued the cause and submitted
the briefs for appellant.

Lindsey H. Hughes, Portland, argued the cause for respondents. With him on the brief was Hallmark, Keating & Abbott, PC, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

This is a medical malpractice case in which plaintiff appeals from a judgment for defendants. The trial court granted defendants' motion to dismiss the second amended complaint on the grounds that plaintiff had failed to allege sufficient facts to state a claim for relief and had failed to commence an action within the time specified by statute. ORCP 21A(8), (9). We affirm.

On July 31, 1985, plaintiff went to the Forest Grove Community Hospital (hospital) emergency room, complaining of severe abdominal pain. She was 35 weeks pregnant with her first child. After being examined by Dr. Garland, she was diagnosed as having intestinal flu and was discharged. The next day, she went to a different hospital that performed an emergency Caesarean section and surgically removed a four-foot section of her small intestine in order to correct a condition referred to as a "strangulated infarcted small intestine."

On July 30, 1987, just within the two-year Statute of Limitations, ORS 12.110(4), plaintiff filed a negligence action against Garland and hospital. She alleged that Garland had negligently failed to diagnose and treat her intestinal condition. The complaint sought $200,000 in general damages and an unspecified amount in special damages.

On August 19, 1988, plaintiff amended her complaint to add a claim for intentional infliction of emotional distress,[1] for which she sought $500,000 in punitive damages. The trial court granted defendants' motion for summary judgment on the negligence claim and *sua sponte* entered a summary judgment on the emotional distress claim. Plaintiff appealed. We affirmed the judgment on the negligence claim, but reversed and remanded on the emotional distress claim. *Hendgen v. Forest Grove Community Hospital,* 98 Or App 675, 780 P2d 779 (1989).

Thereafter, defendants filed a motion to dismiss plaintiff's first amended complaint. The trial court did not

---

[1] "Plaintiff's so-called 'Outrageous Conduct' claim is actually a claim for intentional infliction of severe emotional distress." *Lewis v. Oregon Beauty Supply Co.,* 302 Or 616, 626, 733 P2d 430 (1987).

rule on that motion, but allowed plaintiff to file a second amended complaint that reiterated her prayer for punitive damages and included additional factual allegations regarding the medical treatment that Garland had provided on July 31, 1985. Plaintiff also alleged, for the first time, that other, unnamed hospital employees had berated her, had shoved her onto an examining room table, had left her alone, had forced her back onto the examining table and had refused to sell her Maalox and aspirin when they discharged her from the hospital. The trial court granted defendants' motions to dismiss the emotional distress claim on the grounds that plaintiff had failed to allege conduct sufficient to support a claim for relief and that the claim was barred by the Statute of Limitations, because her second amended complaint did not relate back to the original complaint.

For limitations purposes, an amended pleading relates back to the filing date of an original pleading "[w]henever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading." ORCP 23C. Plaintiff contends that her second amended complaint presents a claim for intentional infliction of emotional distress that arose out of the same conduct, transaction or occurrence that was alleged in the original negligence complaint. Defendants argue that there can be no relation back, because there is "no nexus" between the original claim for negligence and the subsequent claim for emotional distress. The different impacts that the amended complaint has on hospital and Garland require that each defendant be discussed separately.

■　　With regard to hospital, plaintiff's emotional distress claim is barred by the Statute of Limitations. Although hospital was a named defendant in plaintiff's original complaint, that complaint only sought to hold hospital vicariously liable for *Garland's* allegedly *negligent* failure to diagnose and treat plaintiff's condition. In the second amended complaint, plaintiff alleged numerous additional facts regarding the conduct of other, unnamed hospital employees. She claims that, among other things, they berated her, shoved her onto examining tables and forced her to assume positions that caused her extreme pain. She characterizes those actions as

"malicious, fraudulent, and outrageous in the extreme." As we held in *Evans v. Salem Hospital,* 83 Or App 23, 31-32, 730 P2d 562 (1986), *rev den* 303 Or 331 (1987): "[A] new claim cannot relate back to an earlier pleading unless there is at least enough of a nexus between the claims for the defendant to have been able to have discerned from the first that the existence of the second was a possibility."

The newly alleged conduct has no discernible connection to, and is of an altogether different nature than, that originally alleged. The original pleading claimed only that a named emergency room doctor had been negligent. The second amended complaint, however, contains allegations that plaintiff was subjected to the intentional infliction of emotional distress before and after Garland's examination, at the hands of other hospital employees. She does not allege that Garland was responsible for those other employees or that he was aware of their actions. We hold that the facts alleged in the original complaint were insufficient to allow hospital to discern that it might also be subject to an emotional distress claim as a result of other hospital employees' conduct on the night of July 31, 1985. Accordingly, the amended complaint does not relate back to the original complaint for purposes of the Statute of Limitations. *See Welch v. Bancorp Management Services,* 296 Or 208, 221, 675 P2d 172 (1983).

As for Garland, we need not decide whether the second amended complaint is barred by the Statute of Limitations, because plaintiff has failed to state a claim for emotional distress. She alleges only that Garland "emerged from the Television/Doctors' Lounge, pronounced that plaintiff was not in labor after a ten minute examination, and returned to the Television/Doctors' Lounge to watch the Johnny Carson Show." Those facts do not constitute conduct that is sufficiently outrageous to support a claim for the intentional infliction of emotional distress. *See Patton v. J. C. Penney Co.,* 301 Or 117, 719 P2d 854 (1986); *Hall v. The May Dept. Stores,* 292 Or 131, 135, 637 P2d 126 (1981).

Affirmed.