Argued and submitted December 9, 1991, reversed and remanded February 12, 1992

UMPQUA AQUACULTURE, INC.,
Rogelio Sardina, Cynthia Sardina
and Patrick Terry Flury,
*Appellants,*

*v.*

RON'S WELDING
AND FABRICATORS, INC.,
Ronnell Coats and Robert L. Hall,
*Respondents.*

(CV 89 0660; CA A66942)

826 P2d 31

Bryan P. Murphy, Portland, argued the cause for appellants. With him on the briefs were Michael J. Gentry, Montgomery W. Cobb and Tooze Shenker Holloway & Duden, Portland.

William F. Gary, Eugene, argued the cause for respondents Ron's Welding and Fabricators, Inc., and Ronnell Coats. On the brief were B. Kevin Burgess, Dennis W. Percell

and Harrang, Long, Watkinson, Arnold & Laird, P.C., Eugene.

Garrison F. Turner, Ashland, argued the cause for respondent Robert L. Hall. With him on the brief was Frohnmayer, Deatherage, Pratt, Jamieson & Turner, P.C., Ashland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

### RICHARDSON, P. J.

Plaintiffs appeal from a summary judgment for defendants in this action to recover for fire damage to plaintiffs' property. We reverse.

■     Plaintiffs were tenants of part of a building owned by defendant Ron's Welding and Fabricating, Inc. (Ron's). Defendant Coats is a shareholder of Ron's and performed various services relating to the building on Ron's behalf. Defendant Hall is the contract purchaser of part of the building and, around the time of the fire, was in the process of performing renovations on the premises. The fire began in a room adjacent to the area leased by plaintiffs. The precise way that the fire started is not known. Plaintiffs' principal theory of liability against each defendant is that his or its negligence and causal involvement may be inferred[1] under the doctrine of *res ipsa loquitur*. Defendants moved for summary judgment and, relying on *Barrett v. Emanuel Hospital*, 64 Or App 635, 669 P2d 835, *rev den* 296 Or 237 (1983), the trial court granted the motions.

Plaintiffs argue that the trial court erred in allowing summary judgment. They contend that there was direct evidence from which, independently of *res ipsa loquitur*, negligence and causation could be inferred against Hall and Coats and, vicariously, against Ron's.[2] We agree that the evidence raises an issue of fact regarding negligence and causation. Defendants argue, however, that plaintiffs may not rely on that evidence, because they pleaded only *res ipsa loquitur* as the basis of liability and alleged no specific acts of negligence of the kind shown by the evidence in the summary judgment proceeding. Plaintiffs respond that defendants did not move against the complaint for failure to state a claim or to make it more definite and certain and that any defect in the complaint could not serve as the basis for allowing summary

---

[1] Plaintiffs sometimes mistakenly refer to a "presumption." *Res ipsa loquitur* gives rise only to a permissible inference. *Watzig v. Tobin*, 292 Or 645, 655, 642 P2d 651 (1982).

[2] Plaintiff produced various depositions and affidavits to the effect that Coats was aware of problems with wiring and other electrical facilities and failed to take corrective actions; that the fire was most likely caused by an electrical problem; and that Hall worked on the wiring the day of the fire and also used a chain saw in the building that day, despite his awareness of the electrical problems.

judgment in the face of their direct evidence of defendants' negligence.

Plaintiffs' operative allegation of negligence is that the "fire is the kind of event which would not have occurred in the absence of negligence on the part of defendants." *Res ipsa loquitur* is a rule of evidence, from which negligence may be inferred. It need not be pleaded. *See McKee Electric Co. v. Carson Oil Co.*, 301 Or 339, 348-49, 723 P2d 288 (1986). It is true that plaintiffs' allegation is cast in *res ipsa loquitur* terminology. However, it is also true that, leaving aside the evidentiary matter, the ultimate fact that plaintiffs allege is negligence. The pleading was possibly assailable for lack of specificity. However, not having moved against it, defendants may not rely on its deficiencies to sustain the summary judgment on appeal. *See Hendgen v. Forest Grove Community Hospital*, 98 Or App 675, 780 P2d 779 (1989). Plaintiffs' direct evidence of negligence and of a causal relationship to the fire of each of the defendants was sufficient to overcome the motions, and the court erred by granting them.[3]

Because plaintiffs' *res ipsa loquitur* theory, as distinct from their direct proof, is very likely to arise on remand, we will address it. We note at the outset that our discussion is necessarily limited to the facts in the record as it now stands, and our conclusions may not remain applicable if more evidence is developed.

We explained in *Barrett v. Emanuel Hospital, supra*:

"Under its traditional formulation, *res ipsa loquitur* permits negligence to be inferred against a defendant if the injury (1) is of a kind which ordinarily does not occur in the absence of someone's negligence; (2) is caused by an agency or instrumentality within the defendant's exclusive control; and (3) is not attributable to voluntary action or contribution by the plaintiff." 64 Or App at 638-39.[4]

We also noted that, under the second element, the inquiry is more about the defendant's conduct than about his control of

---

[3] Defendants make various arguments about the sale of the premises to Hall and its effect on their respective relationships to the building and the fire. Those arguments go only to weight and do not support the summary judgment.

[4] In note 5, 64 Or App at 639, we questioned the continuing vitality of the third factor and, given the adoption of comparative fault, we continue to do so.

the instrumentality and that the overriding test is whether the " 'negligence of which the thing speaks is probably that of defendant and not of another.' " 64 Or App at 639 (quoting *Pattle v. Wildish Construction Co.*, 270 Or 792, 797, 529 P2d 924 (1974)).

In *Barrett*, a patient was injured during a surgical procedure under circumstances where the cause was unknown and could not be traced to any of the several participants in the procedure. We rejected the plaintiffs' argument that, because direct proof of negligence was impossible, the *res ipsa loquitur* inference should arise against all of the participants:

> "[T]he rule plaintiffs urge us to adopt is simply that *anything* a plaintiff cannot prove about a defendant's conduct in an operating room should be inferable. In our view, that rule is contrary to what the Oregon cases have consistently and correctly stressed: the *only* inference *res ipsa loquitur* permits is the ultimate fact of negligence, and that inference is permitted only when the plaintiff is able to establish by proof, *inter alia*, the probability that a particular defendant's conduct was the cause of the plaintiff's harm." 64 Or App at 642. (Emphasis in original.)

We also noted, however, that, if the underlying evidence supported it, the inference could attach to more than one defendant in connection with the same injurious act or acts. 64 Or App at 641.

Defendants contend that *Barrett* controls this case. They reason that plaintiffs are attempting to avail themselves of the inference against several defendants without a showing that any defendant's negligence was the likelier cause of the fire than any other's. We disagree. The problem in *Barrett* was that the plaintiffs could show *nothing* about *any* defendant's conduct, let alone particularize which defendant or defendants were probably responsible for the injury. *See also Peters v. City of Medford*, 109 Or App 26, 818 P2d 517 (1991). Here, there is no comparable lack of evidence about the defendants' acts, and the evidence would allow the inference that each defendant contributed to the origin of the fire. Although the application of *res ipsa loquitur* requires a probability that a defendant has been involved in the injurious act, neither *res ipsa loquitur* nor *Barrett* are inconsistent with the

truism that more than one defendant can be involved in an act or series of acts.

■      *Barrett* is not the problem with plaintiffs' case. The greater barrier is the first prong of the *res ipsa loquitur* test: whether an electrical fire is unlikely to occur in the absence of *someone's* negligence. Plaintiffs rely on their ORCP 47E affidavit, which avers, in part:

> "Plaintiffs have available to them a qualified expert who will testify to admissible facts or opinions that the fire was caused by an electrical hazard and that due to the probable point of origin of the fire, the surrounding circumstances, and the nature of the activities being conducted in the building, the fire was most likely caused by the negligence of defendants."

Assuming, without deciding, the admissibility of that expert testimony on the question of defendants' negligence, the testimony would not show, in itself, that an electrical fire is unlikely to occur in the absence of negligence. Although it might be probative direct evidence of negligence, the testimony would not give rise to the *res ipsa loquitur* inference of negligence. In other respects as well, the evidence to which plaintiffs point for the proposition that the fire was *unlikely* to occur in the absence of negligence does not support that proposition but relates instead to the question of whether the specific facts adduced show that the fire *was* caused by defendants' negligence.

Plaintiffs rely on *McKee Electric Co. v. Carson Oil Co., supra*; *Stewart v. Jefferson Plywood Co.*, 255 Or 603, 469 P2d 783 (1970); and *Waterway Terminals v. P. S. Lord*, 242 Or 1, 406 P2d 556 (1965), as apparent support for a general thesis that *res ipsa loquitur* applies in fire loss cases. We read those opinions more narrowly. Each pertains to fire or related damage resulting from particular hazardous activities that were necessarily carried out through human agency. Without more, the principle of those cases does not support the application of *res ipsa loquitur* to prove negligence or the cause of this fire.

Reversed and remanded.