Argued and submitted April 1, judgment on claim for mistake affirmed; otherwise
reversed and remanded July 8, 1992

Shelley HARBERT,
dba Harbor Lights Gift Shop,
*Appellant,*

*v.*

RIVERPLACE ASSOCIATES,
a partnership consisting of
Cornerstone Columbia Development Company
and Sansei America, Inc.,
*Respondents.*

(90-08-05036; CA A68510)

834 P2d 476

Gary M. Georgeff, Portland, argued the cause for appel-
lant. With him on the briefs was McGaughey & Georgeff,
Portland.

John R. Faust, Jr., Portland, argued the cause for respondents. With him on the brief were Janet M. Schroer and Schwabe, Williamson & Wyatt, Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

ROSSMAN, J.

**ROSSMAN, J.**

Plaintiff brought this action for a declaration that she is entitled to the benefit of her option to extend her lease from defendants for an additional five-year term.[1] She based her claim on theories of equitable relief from mistake; waiver; breach of the covenant of good faith; and estoppel. Defendant filed a forcible entry and detainer counterclaim and, in defense, plaintiff alleged the four theories on which her claim for declaratory relief was brought.

The court severed plaintiff's equitable claim for mistake and tried that issue. It found in favor of defendants and then invoked the procedure that it had used, and which we held was reversible error, in *Industrial Underwriters v. JKS Inc.*, 90 Or App 189, 750 P2d 1216 (1988). *Sua sponte*, it converted the proceeding into one for a summary judgment. It asked plaintiff for an "offer of proof" as to what her evidence would be on the remaining claims. It also stated that this court should "reconsider" its opinion in *Industrial Underwriters* and held that plaintiff could not prevail on her claims and defenses of waiver, breach of the covenant of good faith and estoppel.

Defendants concede that the "procedure here was not standard," but argue that the requirements for summary judgment need not be considered. They contend that, because the written judgment does not use the language "summary judgment," we may view the judgment either as a finding on the merits or as a dismissal. The trial court did conclude its amended memorandum opinion by stating that the claims of waiver, breach of good faith and estoppel "should be dismissed" or, alternatively, that plaintiff had failed to prove her claims. However, that statement does not alter that the court, in fact, determined the case as if it were a summary judgment. Its lengthy discussion shows that it believed that to do so would accomplish "judicial economy." It stated that "[s]ummary judgment would appear [to be] an appropriate procedure for disposition" and that the posture of the case was such that "reasonable exercise of judicial discretion would be to bypass the ORCP 47C time-table * * *."

---

[1] Plaintiff also brought a claim for an accounting. That claim was severed, and an ORCP 67B judgment was entered on the claims at issue on appeal.

■ In *Hendgen v. Forest Grove Community Hospital*, 98 Or App 675, 780 P2d 779 (1989), we reaffirmed our holding in *Industrial Underwriters* that it is reversible error to grant a summary judgment *sua sponte*. Now, for the third time, we again do so. Defendants argue that any error was not prejudicial, because the evidence that plaintiff presented on her claim of mistake and the evidence that she said she would present on her other claims show that she could not prevail.

■ On *de novo* review, we have considered plaintiff's assignment of error that the court erred in finding that she failed to prove her claim of mistake. We agree with the trial court that plaintiff did not sustain her burden.[2] However, we do not conclude that that result permitted the court unilaterally to proceed as if a motion for summary judgment had been properly made against plaintiff's remaining claims. The evidence before the court at that point had been presented only on the claim of mistake. If the case was not in the posture for judgment after the trial on that issue, the court could not manufacture a summary judgment situation by asking for evidence that plaintiff might later have presented. The legislature has given a litigant the right to gather evidence either up to the time of trial or within the time prescribed in ORCP 47 in response to a motion for summary judgment.[3] The trial court's belief that its expedited procedures are superior to those provided by law should be addressed to the legislature, not tried out on litigants.

Plaintiff has asked that, if the case is remanded, it should be assigned to a different trial judge. Plaintiff provides no Oregon authority for us to order that.

Judgment on claim for mistake affirmed; otherwise reversed and remanded.

---

[2] The court also did not err in denying plaintiff's pre-trial motion for partial summary judgment on the claim for breach of the covenant of good faith.

[3] Defendant does not object to plaintiff's position that she is entitled to a jury trial on the remaining claims.