Argued and submitted November 19, 1993, reversed and remanded May 4, respondent's motion for reconsideration filed May 19 allowed by opinion June 22, 1994
See 128 Or App 454 (1994)

Milton E. KORGAN
and Carol Korgan,
husband and wife,
*Appellants,*

*v.*

Mary Ann WALSLEBEN,
Ernest Walsleben, John Doe 1, John Doe 2,
dba Knight Security International,
*Defendants,*

*and*

John BASSETT,
*Respondent.*

(9203-01733; CA A78474)

874 P2d 1334

Magar E. Magar argued the cause and filed the briefs for appellants.

Russell B. Weed argued the cause for respondent. With him on the brief were Donald W. McEwen and McEwen, Gisvold, Rankin & Stewart.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

## WARREN, P. J.

Plaintiffs appeal from a judgment entered pursuant to ORCP 67B in favor of defendant Bassett (defendant), after the court granted defendant's motion for summary judgment. We reverse.

Plaintiffs were the vendees of a land sale contract for a house in which they lived. The Walslebens, who are not parties to this appeal, were the vendors. With the assistance of their attorney, defendant Bassett, the Walslebens obtained a strict foreclosure of the land sale contract. On the day that the final judgment of foreclosure was signed by the trial court judge, defendant also obtained a writ of assistance for the Walslebens, which was executed that same day and returned possession of the property to the Walslebens.

Plaintiffs brought this action against the Walslebens, defendant and others, claiming various torts arising from the issuance and execution of the writ of assistance. The claims against defendant are for trespass to chattels and conversion, invasion of privacy, outrageous conduct, violation of ORS 9.460, and trespass. The claim for violation of ORS 9.460 is based on an allegation that defendant made false statements in his affidavit to support the issuance of the writ of assistance. The other claims are based on the alleged wrongful issuance of the writ.

In order to understand the discussion that follows, it is necessary to set out the procedural posture of the foreclosure action. After the trial on the foreclosure action in December, 1990, and before a judgment was entered, plaintiffs filed for protection under Chapter 13 of the Bankruptcy Code. That filing stayed any proceedings in the foreclosure action. 11 USC § 362. After various other actions by plaintiffs, relief from the automatic bankruptcy stay was granted. On November 26, 1991, the trial court judge signed, at defendant's request by letter, an interlocutory decree of strict foreclosure. That decree provided, in part, that plaintiffs were required to pay the balance of the land sale contract plus unpaid real estate taxes "within 30 days." The decree was entered in the court record on December 9, 1991. On December 26, 1991, defendant signed an affidavit, which he submitted to the court in support of his motion for a writ of

assistance, in which he stated that "[o]n or about December 27, 1991, a final decree was entered strictly foreclosing [plaintiffs] of all interest" in the property. On December 27, the trial court judge signed the final judgment of foreclosure that defendant had submitted at the same time as the motion for a writ of assistance and issued the writ of assistance. The writ was executed on that same day, and plaintiffs were forcibly evicted from the property. On December 30, 1991, plaintiffs filed a notice of appeal from the interlocutory decree of foreclosure and the final judgment. On December 31, the final judgment was entered in the record. On March 16, 1992, plaintiffs brought this tort action. In June, 1992, this court allowed the Walslebens' motion in the foreclosure case to vacate the final judgment, because the trial court did not have jurisdiction to enter it after the notice of appeal was filed. The trial court was then given leave under ORS 19.033(4) to reenter the judgment. The judgment was reentered in July, 1992, *nunc pro tunc* December 27, 1991. The amended notice of appeal was from the July judgment only. That appeal is pending in this court.

Defendant moved for summary judgment in this case, submitting evidence that he asserted established that his affidavit in support of the writ of assistance did not contain false statements and that the writ of assistance was properly issued. The trial court granted the motion and entered judgment for defendant pursuant to ORCP 67B. Plaintiffs appeal, arguing that there are genuine issues of material fact on each of the claims.

■ A party seeking summary judgment must establish that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. ORCP 47. We view the evidence in the light favorable to the nonmoving party. *Seeborg v. General Motors Corporation*, 284 Or 695, 588 P2d 1100 (1978).

■ We address first the argument that summary judgment should not have been granted on the claim that defendant violated ORS 9.460. That statute provides, in part:

"An attorney shall:

"* * * * *

"(2)   Employ, for the purpose of maintaining the causes confided to the attorney, such means only as are consistent with truth, and never seek to mislead the court or jury by any artifice or false statement of law or fact[.]"

Plaintiffs first argue that defendant's affidavit submitted to the court in support of the motion for a writ of assistance contained false statements, most importantly the statement that a final judgment of foreclosure had been entered "on or about December 27, 1991." Defendant argues that the statements to which plaintiffs point are not false.[1] The affidavit that defendant submitted to the court in support of his motion for a writ of assistance was dated December 26, 1991. It states that, "[o]n or about December 27, 1991, a final decree was entered strictly foreclosing defendants of all interest" in the real property. Even assuming that it was reasonable for defendant to anticipate the timely entry of the judgment, because the notice of appeal was filed on December 30, 1991, the final foreclosure judgment was not entered until July, 1992. That is some evidence that defendant's statement in his affidavit was false.

■       Defendant also argues that, because he submitted an affidavit from the trial judge in which she says that she was not actually misled by his statement, he did not "seek to mislead the court * * * by any * * * false statement of law or fact." The statute does not require that the court actually be misled; it prohibits an attorney from *seeking* to mislead. Proof that the court was not, in fact, misled does not show, as a matter of law, that the attorney did not seek to mislead.

■       Defendant also argues that plaintiffs suffered no special injury, and therefore they cannot recover for a violation of ORS 9.460. That argument was not raised in the trial court and is, in essence, an attack on the pleading for failure to state a claim. *See* ORCP 21A. Although a defendant may raise the issue of failure to state a claim for the first time on appeal,

"we have adhered to the rule that, after judgment, such a contention should not be accepted if the asserted deficiency is

---

[1] Defendant does not argue here and did not argue below that there is no private right of action for a violation of ORS 9.460. Therefore, we will not address that issue. *But see Kidney Association of Oregon v. Ferguson*, 315 Or 135, 142 n 12, 843 P2d 442 (1992); *Bob Godfrey Pontiac v. Roloff*, 291 Or 318, 630 P2d 840 (1981).

merely 'formal' or can be cured 'by a simple amendment.' *Isler v. Shuck*, 38 Or App 233, 237, 589 P2d 1180 (1979). We have been particularly reluctant to base a decision against an appealing plaintiff on insufficiency of the pleadings, if that was not the basis for the trial court's ruling and, had the question been presented to it, the trial court would have had the discretion to allow the plaintiff to replead. *See, e.g., Shaughnessy v. Spray*, 55 Or App 42, 50-51, 637 P2d 182 (1981), *rev den* 292 Or 589 (1982)." *Hendgen v. Forest Grove Community Hospital*, 98 Or App 675, 678, 780 P2d 779 (1989).

Even if plaintiffs' pleading does not adequately allege a special injury, that is a defect that may be cured by an amendment to the complaint. The trial court erred in granting summary judgment on the statutory claim.

The remainder of the claims against defendant are apparently predicated on plaintiffs' assertion that the writ of assistance was improperly issued, and therefore defendant is liable for interference with property that accompanied or followed execution of the writ.[2] Defendant argues that the writ was validly issued.

A writ of assistance is an equitable aid to execution of a judgment. *U.S. National Bank v. Colegio Cesar Chavez*, 281 Or 329, 333, 574 P2d 647 (1978). There must be an effective judgment before there can be execution of a judgment. The parties in this case make numerous arguments relating to whether the time for paying the contract price had expired, thereby giving defendant the right to seek the final judgment of foreclosure, and to whether the application for the writ was procedurally correct because of demand for possession, need for a hearing and the like. We need not address any of those arguments. The evidence shows that, although the judgment of foreclosure was signed on December 27, and the writ issued that day, the judgment was not entered in the court records until December 31, a date by which the trial court no longer had jurisdiction to enter the judgment. It was not reentered until July, 1992. A judgment is effective when entered. ORCP

---

[2] It is not immediately apparent how the validity or invalidity of the writ affects the claim for invasion of privacy. However, defendant does not challenge that claim on any basis other than that the writ was validly issued, and we will not consider any other possible challenges to it.

70B(2); ORS 3.070. When the writ was issued, there was no effective judgment. Therefore, the writ was prematurely granted.

■   Defendant argues that the writ was valid because, after the original judgment had been vacated by order of this court, the judgment was reentered by the trial court in July, *nunc pro tunc* December 27. That argument fails.

> "The office of *nunc pro tunc* order is 'to speak what has been done, not create.' *Cox v. Gress*, 51 Ark. 224 (11 S. W. 416). Or as has been stated by another court, 'to supply an omission in the record of action really had, but omitted through inadvertence or mistake, or to enter an order which should have been made as a matter of course and as a legal duty.' *City of Grand Rapids v. Coit*, 151 Mich. 109 (114 N. W. 880)." *Cranston v. Stanfield et al.*, 123 Or 314, 319, 261 P 52 (1927).

A *nunc pro tunc* entry can "make a record of what was previously done, but not then entered"; it cannot be used "to make an order now for then, but [instead] to enter now for then an order previously made." *Klein v. Southern Pacific Co.*, 140 F 213 (CC Or 1905) (quoted with approval in *Turlay v. Farmers Insurance Exch.*, 259 Or 612, 615, 488 P2d 406 (1971)).

■   In this case, the judgment was signed but not entered on December 27, and the writ of assistance was issued in aid of execution of that judgment on December 27. The judgment was vacated and reentered in July. It provides that it is *nunc pro tunc* December 27. If that entry is an attempt to validate the writ of assistance after the fact, the attempt fails. The writ was invalid when issued, because there was not an effective judgment of foreclosure. A judgment cannot be entered later to validate an invalid act. That would constitute *making an order* now for then, by creating a right to execution that did not exist on the date the writ issued, rather than *making a record* of what was actually done or entering an order that should have been entered on that date "as a matter of course and as a legal duty." *Turlay v. Farmers Insurance Exch., supra*, 259 Or at 616.

Because there is evidence that the writ was invalid when issued, defendant was not entitled to summary judgment on the claims against him that are based on the invalidity of the writ.

Reversed and remanded.