454

On respondent's motion for reconsideration filed May 19, reconsideration allowed; opinion (127 Or App 625, 874 P2d 1334) modified and adhered to as modified June 22, 1994

Milton E. KORGAN
and Carol Korgan,
husband and wife,
*Appellants,*

*v.*

Mary Ann WALSLEBEN,
Ernest Walsleben,
John Doe 1, John Doe 2,
dba Knight Security International,
*Defendants,*

*and*

John BASSETT,
*Respondent.*

(9203-01733; CA A78474)

876 P2d 355

Don G. Carter, Russell B. Weed and McEwen, Gisvold, Rankin, Carter & Streinz for motion.

No appearance *contra*.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

**WARREN, P. J.**

Defendant seeks reconsideration of our opinion in this case. 127 Or App 625, 874 P2d 1334 (1994). We allow the motion and modify our opinion.

■ Defendant first argues that, in our discussion of the claim for violation of ORS 9.460, we incorrectly stated that he did not raise the issue of special injury in the trial court. *See* 127 Or App at 629. Even assuming that defendant is correct that he raised the issue, the reasoning of *Hendgen v. Forest Grove Community Hospital*, 98 Or App 675, 780 P2d 779 (1989), on which we relied in our opinion, applies with equal force. Because the trial court has not ruled on the pleading question, it has not had an opportunity to exercise its discretion under ORCP 25A to allow plaintiffs to replead, assuming defendant is correct that the pleadings are defective. We adhere to our ruling reversing the judgment on the statutory claim.

■ Defendant also argues that we were wrong in holding that entry of the judgment *nunc pro tunc* to the date the writ of assistance was issued did not validate the writ of assistance, relying on *Turlay v. Farmers Insurance Exch.*, 259 Or 612, 488 P2d 406 (1971), and *Davis v. Bar T Cattle Co.*, 247 Or 437, 431 P2d 825 (1967). We agree with defendant that our decision should be reconsidered, but on a different basis. We addressed the *nunc pro tunc* issue based on our erroneous understanding that the trial court had ordered the July judgment entered *nunc pro tunc* December 27, 1991. That is not, however, what the judgment did. The July judgment says: "DATED this 16th day of July, 1992 nunc pro tunc December 27, 1991." Unlike the judgments in the cases on which defendant relies, the judgment in this case does not contain an order that it be *entered nunc pro tunc*; it merely says that it is dated *nunc pro tunc* December 27. That is the same date as the original judgment was signed, and has the same effect. It was not effective until entered. Even if defendant is correct that the court could have ordered the judgment entered *nunc pro tunc* December 27, and that *nunc pro tunc* entry of the judgment would have validated the writ of assistance, the court did not do that. Accordingly, we withdraw the portion of our opinion that discusses the *nunc pro tunc* issue, and modify the opinion to hold that defendant's

argument that entry of the July judgment *nunc pro tunc* December 27 validated the writ of assistance fails, because the judgment did not contain an order that it be entered *nunc pro tunc*.

Reconsideration allowed; opinion modified and adhered to as modified.