Argued and submitted June 1, reversed and remanded July 6, 1994

## Howard W. HOFFER
### and Helen H. Hoffer,
*Respondents,*

*v.*

## Edward P. SZUMSKI,
*Appellant.*

(93BC0890; CA A81702)

877 P2d 128

David S. Tilton argued the cause for appellant. With him on the brief was Oregon Legal Services Corporation.

Jacques Deplois argued the cause for respondents. With him on the brief was Guy A. Stokes.

Before Warren, Presiding Judge, and Edmonds and Landau, Judges.

WARREN, P. J.

**WARREN, P. J.**

In this action for forcible entry and wrongful detainer (FED), defendant appeals from a judgment that awarded possession to plaintiffs. We reverse.

Plaintiffs filed a complaint seeking possession of residential property that defendant was occupying, alleging that defendant had not paid the rent. Defendant filed an answer, alleging that plaintiffs' attempt at eviction was in retaliation for complaints about the condition of the premises, and seeking a jury trial. Plaintiffs filed an amended complaint, realleging nonpayment of rent, and also seeking possession on the theory that there never was a rental agreement and that defendant was on the property as a squatter. Defendant filed an amended answer in which he added a counterclaim for false advertising under the Unlawful Trade Practices Act (UTPA). ORS 646.608.

When the parties appeared for trial, the trial court denied defendant's request for a jury trial, because the parties had failed to call the court on the Friday before the trial date, as required by local court rule. The court held that noncompliance with the local rule resulted in a waiver of the right to a jury trial. The case was then tried to the court. Before the trial began, defendant sought to pay into the court the unpaid rent, pursuant to ORS 90.370(1). The court denied defendant's request, holding that payment into the court had to be done at the time defendant filed his answer to the complaint, not at the beginning of trial. It also struck defendant's UTPA counterclaim, holding that it was "outside the purview" of the FED action. The court heard the evidence and concluded that there had never been a meeting of the minds for a rental agreement. It held that plaintiffs were entitled to possession and ordered defendant to vacate the property.

■ Defendant first assigns error to the trial court's denial of a jury trial. Plaintiffs concede that the trial court erred in denying defendant's request for a jury trial, and we accept their concession. However, they argue that the error was harmless. They assert that they would have been entitled to a directed verdict in their favor on defendant's retaliation defense, because that defense was based on the existence of a rental agreement. In their view, there was no evidence of a

rental agreement between the parties and, therefore, there would have been no issue to present to the jury regarding retaliation.

Plaintiffs are incorrect that they would have been entitled to a directed verdict. There was evidence that no rental agreement had been reached. However, there was also evidence from which a jury could have found that there was a rental agreement. The evidence contained a letter from plaintiffs to defendant, in which they said:

> "[Y]ou have paid no rent for the premises you rented from us for the months of June and July 1993. We agreed that the rent would be $150.00 per month. * * *
>
> "* * * * *
>
> "[U]nless you pay the total rent now due of $300.00 within 72 hours * * *, we will terminate our rental agreement * * *."

That is evidence of a rental agreement. The trial court's denial of defendant's request for a jury trial was not harmless.

Defendant next assigns error to the trial court's denial of his request, at the beginning of the trial, to pay the rent into the court pursuant to ORS 90.370(1).[1] Plaintiffs concede that the trial court erred, and we accept that concession also.

In his third assignment of error, defendant challenges the trial court's striking of his counterclaim under the UTPA for falsely advertising the rental. *See* ORS 646.608-(1)(i). The trial court held that the counterclaim could not be asserted in a FED action, because it did not go to the narrow question of who was entitled to possession of the premises. Defendant argues that the FED statutes and the UTPA allow a tenant to assert a UTPA counterclaim in a FED action, so

---

[1] ORS 90.370(1) provides, in part:

"In an action for possession based upon nonpayment of the rent or in an action for rent when the tenant is in possession, the tenant may counterclaim for any amount, not in excess of the jurisdictional limits of the court in which the action is brought, that the tenant may recover under the rental agreement or ORS 90.100 to 90.940. In the event the tenant counterclaims, the court at the landlord's or tenant's request may order the tenant to pay into court all or part of the rent accrued and thereafter accruing, and shall determine the amount due to each party."

long as the conduct complained of is not covered by the Residential Landlord Tenant Act. Plaintiffs do not argue that a counterclaim for a violation of the UTPA cannot be brought in an FED action; they argue only that the trial court's action should be upheld because the counterclaim failed to state a claim and, therefore, the court's action in striking it was harmless error.

Our review of the Residential Landlord Tenant Act, the FED statutes and the UTPA convinces us that defendant is correct that a counterclaim for violation of the UTPA may be brought in a FED action. When a residential tenant fails to pay rent, the landlord, after giving 72 hours' written notice of nonpayment and intention to terminate the rental agreement, may terminate the tenancy and "take possession in the manner provided in ORS 105.105 to 105.168." ORS 90.400(2). In an action for possession under ORS 105.105 to ORS 105.168, the defendant may not "assert a counterclaim unless the right to do so is otherwise provided by statute." ORS 105.132. In an action for possession due to nonpayment of rent, a residential tenant "may counterclaim for any amount, not in excess of the jurisdictional limits of the court in which the action is brought, that the tenant may recover under the rental agreement or ORS 90.100 to 90.940." ORS 90.370(1). A claim for violation of the UTPA may also be brought as a counterclaim in a FED action:

> "[I]n any action brought by a seller or lessor against a purchaser or lessee of real estate, goods or services, such purchaser or lessee may assert any counterclaim the purchaser or lessee has arising out of a violation of [the UTPA]." ORS 646.638(6).

Reading those statutes together, we conclude that ORS 646.638(6) provides the authority for the filing of a UTPA counterclaim in an action for possession under the FED statutes.[2]

We reject plaintiffs' argument that the trial court's decision to strike the UTPA counterclaim can be sustained because the pleading was defective. The trial court's action was not based on the insufficiency of the pleading, and we

---

[2] The Supreme Court suggested that conclusion in *Class v. Carter*, 293 Or 147, 154, 645 P2d 536 (1982).

decline to affirm on that basis. *Hendgen v. Forest Grove Community Hospital*, 98 Or App 675, 780 P2d 779 (1989).

Reversed and remanded.