Argued and submitted February 14, reversed and remanded June 26, 1996

## DANIEL W. ELDRIDGE,
*Appellant,*

*v.*

## Carlton ZENON,
Superintendent,
Oregon State Correctional Institution,
*Respondent.*

(93C10525; CA A82290)

918 P2d 866

David W. Knofler argued the cause for appellant. With him on the brief was Multnomah Defenders, Inc.

Janet A. Metcalf, Assistant Attorney General, argued the cause for respondent. With her on the brief were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

## ARMSTRONG, J.

Petitioner appeals from a judgment in a post-conviction proceeding that granted summary judgment to defendant and dismissed the petition with prejudice. We reverse and remand.

Petitioner pleaded guilty to one count of first-degree theft and one count of unlawful possession of a controlled substance. He subsequently filed a petition for post-conviction relief alleging that the indictment on the charges violated Article VII, section 5, of the Oregon Constitution because fewer than seven jurors were present when the indictment was returned. Petitioner also alleged that his trial attorney "misled [him] substantially when advising [him] of the possible sentence that [he] would receive upon pleading guilty." Petitioner filed a motion for summary judgment on his petition. The court denied petitioner's motion and *sua sponte* granted summary judgment in defendant's favor on both claims.

On appeal, petitioner argues that the trial court lacked authority to grant summary judgment to defendant when defendant had not moved for summary judgment. Defendant concedes that the trial court lacked authority to do that. *See, e.g., Harbert v. Riverplace Associates*, 114 Or App 80, 83, 834 P2d 476 (1992). We accept that concession.

Defendant argues that the error was harmless because the petition lacked merit. However, ORS 138.525, which allows a court to dismiss a meritless petition for post-conviction relief, does not apply to this case because petitioner filed his petition before the effective date of that statute. *See* Or Laws 1993, ch 517, § 5. Defendant argues that petitioner waived objection to the application of ORS 138.525 to his petition because he failed to contend in his brief that ORS 138.525 does not apply to him. We disagree. It is clear that ORS 138.525 does not apply to petitioner's case and that the trial court had no authority to dismiss the petition in the manner that it did.

Reversed and remanded.