Argued and submitted March 6, affirmed April 26, reconsideration denied June 16, petition for review denied July 13, 1989 (308 Or 184)

# JONES,
*Appellant,*

*v.*

# LACHMAN,
*Respondent.*

## (A8609-05718; CA A48527)

773 P2d 1

Charles Robinowitz, Portland, argued the cause and filed the briefs for appellant.

Paul Silver, Portland, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiff appeals a judgment entered in favor of defendant after the trial court denied plaintiff's motion to amend her complaint to substitute defendants. We affirm.

On October 31, 1984, plaintiff sustained injuries in a car accident. On September 22, 1986, she filed this action, naming Alan Lachman as defendant. In fact, the car involved in the accident was owned and driven by Tim Lachman, Alan's son. On April 2, 1987, after the Statute of Limitations had run, plaintiff moved to amend the complaint to substitute Tim as defendant. The motion was denied. On February 10, 1988, she again moved to amend, and a different trial judge denied the motion. Plaintiff then determined that she could not prove her claims against Alan, and her complaint was dismissed. Plaintiff assigns error to the denial of both motions to amend.

When a plaintiff seeks to amend a complaint to substitute a defendant and it is apparent on the face of the complaint that the Statute of Limitations has run, the plaintiff must allege facts in the tendered pleading that, if proved, would permit the amended complaint to relate back. *See Eldridge v. Eastmoreland General Hospital*, 88 Or App 547, 550, 746 P2d 735 (1987), *aff'd on other grounds*, 307 Or 500, 769 P2d 775 (1989). Under ORCP 23C, a claim will not relate back unless (1) the claim arose out of the occurrence set forth in the original complaint; (2) the party to be substituted had received notice of the institution of the action before the Statute of Limitations expired and would not be prejudiced; and (3) the party should have known that, but for a mistake in the identity of the proper party, the action would have been brought against him. ORCP 23C;[1] *Waybrant v. Clackamas*

---

[1] ORCP 23C provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment."

*County,* 54 Or App 740, 743, 635 P2d 1365 (1981).

Plaintiff conceded at the time of her second motion to amend that her first amended complaint did not meet the requirements of ORCP 23C.[2] She argues that she cured the defect with her second amended complaint, in which she alleged that

> "defendant Timothy Alan Lachman, within the period provided by law for commencing this case, received notice of the institution of a claim against Alan Lachman for the injuries to plaintiff as of October 31, 1984, he would not be prejudiced in maintaining any defense on the merits and knew or should have known but that for a mistake concerning his identity, the plaintiff would have filed this claim against him initially."

Assuming that the allegations are sufficient, *see Davis v. Tyee Industries, Inc.,* 295 Or 467, 476, 668 P2d 1186 (1983), plaintiff is not correct in her argument that, once the allegations were made, the trial court was without discretion to deny the filing of the amended complaint.[3]

ORCP 23A provides that a pleading may be amended once as a matter of course before a responsive pleading is filed. Thereafter, an amendment may be made only by leave of the court "when justice so requires." ORCP 23C does not deprive the trial court of the discretion it has under ORCP 23A; it only provides under what conditions an amendment will relate back. When an amended complaint is tendered that alleges facts that, if true, would permit it to relate back, the trial court should determine whether justice would be served by allowing the filing. ORCP 23A.

The denial of a motion to amend is reviewed for an abuse of discretion. *Contractors, Inc. v. Form-Eze Systems, Inc.,* 68 Or App 124, 129, 681 P2d 148, *rev den* 297 Or 824 (1984). In this case, the parties essentially treated the proceeding on plaintiff's motions to amend as a motion for summary judgment and produced evidence on the question

---

[2] Neither of plaintiff's tendered amended complaints is included in the record. Defendant does not dispute the accuracy of plaintiff's summary in her brief of the allegations in the second amended complaint.

[3] Plaintiff argues that defendant cannot oppose the motion to amend, because the effect of it would be to take him out of the action. Clearly, a substituted defendant may challenge the relation back either before or at trial, but we know of no reason why the present defendant cannot oppose the motion.

whether the tendered pleading should relate back. The evidence showed that the Statute of Limitations had run. Defendant offered evidence that, on the day after the accident, plaintiff had spoken to an insurance adjuster and told the adjuster that the driver of the other car had identified himself as "Tim" or "Tom." A transcript of that conversation had been sent to plaintiff's counsel in December, 1984. Plaintiff endeavored to explain her mistake in suing Alan instead of Tim, stating that she had asked a friend to obtain the other driver's name and that the friend had provided the name of Alan.[4] Plaintiff then "assumed" that "Tim" was a nickname. Plaintiff's counsel stated that letters from the insurance company had identified the insured as "Alan."[5]

In January, 1988, after the Statute of Limitations had run, plaintiff took the depositions of Alan and Tim. In the second motion she submitted excerpts from Alan's deposition but not from Tim's. Alan stated that, because Tim did not live at home at the time of the accident, he had difficulty reaching Tim but could "catch up with him" in a week or two. Alan testified that he had had a conversation with Tim about why the action had been filed in Alan's name[6] but that he would be "guessing" about when he first spoke with Tim about the complaint. Although that evidence showed that Alan possibly spoke with Tim every two weeks and that he had spoken with Tim about the action at some time, there was no evidence that he talked to Tim or told him anything about the action during the time between the filing of the action and the running of the Statute of Limitations.

ORCP 23A gives the trial court discretion in determining whether to allow an amended motion, even when ORCP 23C may apply. Plaintiff's second motion to amend was filed almost fifteen months after the action was begun.

---

[4] The record shows that plaintiff did not become aware that Tim's middle name is "Alan" until she took his deposition after the denial of her first motion to amend.

[5] We do not agree with plaintiff that the "mistake" in names shows that this case is controlled by *Parker v. May*, 70 Or App 715, 690 P2d 1125 (1984), *rev den* 299 Or 31 (1985). We held there that the trial court could allow a son to be substituted for his father as the plaintiff in an action after the Statute of Limitations had run when the father had mistakenly been named as the plaintiff. There was no question in *Parker* as to whether the defendants had received timely notice.

[6] When Alan asked his insurance people why he had been named, they responded that it probably was because he was named in the policy as the insured.

The record showed that, at the time of the accident, plaintiff had been told Tim's name. There were no facts in the second complaint that showed that the complaint would relate back, and plaintiff did not cure that deficiency with the evidence that she presented to the court. She did not show that Tim had received notice. We conclude that the trial court did not abuse its discretion in determining that, on these facts, justice did not require allowing the filing of the amended complaint.

Affirmed.