# PRESS,
*Appellant,*

*v.*

# TODD INVESTMENT COMPANY et al,
*Respondents.*

(A8710-06602; CA A48036)

778 P2d 506

Robert W. Pike, Portland, filed the brief for appellant.

I. Franklin Hunsaker, Portland, argued the cause for respondents. With him on the brief were Christopher A. Rycewicz, Ronald G. Stephenson and Bullivant, Houser, Bailey, Pendergrass & Hoffman, Portland.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff appeals a judgment dismissing her amended complaint because she did not commence the action within the Statute of Limitations. The issue is whether the amendment that added Todd Investment Company and James and Doris Cassan as defendants relates back to the original complaint. ORCP 23C. We affirm.

Plaintiff, a California resident, sustained injuries on October 27, 1985, while a passenger on a shuttle bus operated by Dollar Rent A Car at the Portland International Airport. Plaintiff's husband made demands on defendants for reimbursement for plaintiff's injuries but defendants, through counsel, denied responsibility. Plaintiff filed her original complaint on October 26, 1987, one day before the two-year limitation period expired. *See* ORS 12.110. However, she mistakenly named Mock Ford Sales, Inc., as a defendant, along with the driver of the shuttle bus, designated as "John Doe."[1] The amended complaint, filed on November 18, 1987, only added the names of Todd Investment Company and the Cassans as defendants and deleted Mock Ford Sales, Inc.

Defendants moved to dismiss the amended complaint under ORCP 21A(9) on the ground that it shows on its face that it was not filed within the period allowed by ORS 12.110. In response to the motion, plaintiff argued that the amended complaint should relate back to the original complaint that was timely filed. She submitted an affidavit of her counsel that averred that he had been told by the corporation commissioner's office that Mock Ford Sales, Inc., was the proper party in interest. She also attached the correspondence between her husband and defendants regarding the injuries.

The court ruled that plaintiff had to plead a basis for relation back under ORCP 23C[2] and dismissed the complaint,

---

[1] The driver, "John Doe," was apparently not served with summons respecting the complaint or the amendment. The parties make no argument about the driver.

[2] ORCP 23C provides:

"Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment, such

but it gave her ten days to replead. Plaintiff did not file an amended pleading, and so the court entered a judgment for defendants.

On appeal, plaintiff does not challenge the ruling of the court that she had to plead a basis for invocation of ORCP 23C. She argues only that the court erred in not applying ORCP 23C, given the facts in her attorney's affidavit and the exhibits submitted with her response to defendants' motion. Dismissal under ORCP 21A(9) is appropriate if

> "the *pleading shows* that the action has not been commenced within the time limited by statute." (Emphasis supplied.)

Under that rule, a court must look only to the *pleading* to determine whether the cause was timely commenced and may not resort to facts submitted separately from the pleading. *Jones v. Lachman,* 96 Or App 246, 773 P2d 1, *rev den* 308 Or 184 (1989); *O'Gara v. Kaufman,* 81 Or App 499, 726 P2d 403 (1986). Plaintiff did not replead, as allowed by the trial court, to allege facts supporting application of ORCP 23C. The court did not err by giving judgment for defendants.

Affirmed.

---

party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining any defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party brought in by amendment."