Argued and submitted February 11, reversed and remanded September 15, 2004

Dennis L. FRASIER,
*Appellant,*

*v.*

Franklin S. NOLAN;
Doris Marie Nolan; Daniel D. Nolan; Louella M. Nolan;
and Twin Lake Ranch Property Owners Association,
*Respondents.*

01CV0041; A118186

98 P3d 392

Paul L. Speck argued the cause for appellant. With him on the briefs was Forcum & Speck.

Michael E. Peterkin argued the cause for respondents Franklin S. Nolan, Doris Marie Nolan, Daniel D. Nolan, and Louella M. Nolan. With him on the brief was Brian C. Hickman.

No appearance for respondent Twin Lake Ranch Property Owners Association.

Before Landau, Presiding Judge, and Armstrong, Judge,* and Barron, Judge pro tempore.

LANDAU, P. J.

---

* Armstrong, J., *vice* Wollheim, J.

**LANDAU, P. J.**

Plaintiff, an owner of property in a residential subdivision, initiated this action for a declaratory judgment that the developers of the subdivision hold certain property in constructive trust for an association of subdivision property owners. Plaintiff also sought a judgment requiring the developers to transfer title of that property to the association. The trial court dismissed the action on statute of limitation grounds. Plaintiff appeals, arguing that, because this action arises in equity, the statute of limitations does not apply. We agree and reverse and remand.

The following facts are not in dispute. In 1972, defendants Franklin, Doris, Daniel, and Louella Nolan developed a residential subdivision in Crook County known as the "Twin Lake Ranch Subdivision." In 1973, the "Declaration of Restrictions and Covenants of Twin Lake Ranch" was recorded. Among other things, the declaration states that the "common area" in the development is to be transferred to the association of subdivision property owners and held by the association as open space and recreational property in perpetuity.

Defendants never transferred the common area to the association. From 1973 to 2001, however, the association treated the common area as its own, levying assessments and paying taxes on it.

In 2001, the association determined that title to the common area had never been transferred from defendants. Meanwhile, defendants wished to develop portions of the common area, and, in 2000, they designated three parcels in the common area for sale.

In 2001, plaintiff initiated this action against defendants and the association. He brought the action under the Declaratory Judgment Act, ORS 28.020 - 28.160. In the prayer for relief, he requested that the court issue a judgment declaring, among other things, that defendants hold title to the common area in constructive trust for the association, that defendants have an obligation to convey the common

area to the association, and that the association is the rightful owner of the common area. He also requested that the court order defendants to deed the common area to the association and to rescind an agreement between defendants and the association to sell portions of the common area. The association answered and, among other things, admitted that it had treated the common area as its own until 2001.[1]

Defendants moved to dismiss the complaint under ORCP 21 A(9) on the ground that the claim is barred by the applicable statute of limitation. According to defendants, whether the claim is subject to the six-year limitation period that applies to contract actions, ORS 12.080, or to the ten-year limitation period that applies to actions to determine an interest in land, ORS 12.040, and to actions to recover real property, ORS 12.050, it is time-barred because each statute began to run in 1973, the year that defendants failed to convey the common area as provided in the declaration.

Plaintiff argued that, in this case arising in equity, analogous statutes of limitation may be invoked to determine whether there was an unreasonable delay in filing a complaint, but the limitation period did not begin to run until he became aware of the fact that defendants had not conveyed the common area. It is undisputed, plaintiff argued, that even the association did not become aware of that fact until April 2001. Thus, he concluded, regardless of which statute of limitation is invoked to determine whether there was unreasonable delay, his complaint was not untimely, having been filed two months after he learned that defendants had not conveyed the common area. In support of that argument, he cited several cases and a law review article, each plainly applying the doctrine of laches that applies to cases arising in equity. *E.g., Rise v. Steckel*, 59 Or App 675, 684-85, 652 P2d 364, *rev den*, 294 Or 212 (1982).

The trial court agreed with defendants. The court concluded that plaintiff was subject to the ten-year limitation period under either ORS 12.040 or ORS 12.050. In either event, the court explained, defendants' "obligation to transfer

---

[1] The association otherwise has not participated in the litigation. Therefore, we use the term "defendants" to refer to the Nolans and refer to the association separately.

land to the [a]ssociation, if an obligation existed, arose in 1973 when the subdivision was approved and the plat was filed. Once that occurred, the [a]ssociation and property owners were given constructive notice of a recorded interest in real property." As a result, the court concluded, the action was untimely; the court dismissed it as to both defendants and the association.

On appeal, plaintiff argues that the trial court erred in dismissing his complaint on statute of limitation grounds. He argues that, in an action for equitable relief, a property owner is not required to file a complaint until he or she is actually aware of an adverse claim on the property. Defendants first contend that plaintiff failed to preserve any argument that his claim sounds in equity. In the alternative, defendants argue that, although it is true that, in equity cases, constructive notice is insufficient to start a limitation period, in this case, plaintiff's claim is not equitable in nature. According to defendants, the complaint raises solely the legal question of the proper interpretation of the declaration.

We begin with the issue of preservation. As we have noted, before the trial court, plaintiff plainly referred to his action as one arising in equity. He cited equity cases that applied the doctrine of laches to such cases. And he argued that, because this is an equity case, any applicable limitation period did not begin to run until he became aware of the fact that defendants never conveyed the common areas that are the subject of the complaint. Those are the same arguments that plaintiff is asserting on appeal. We conclude without further discussion that the issue was preserved.

We turn to the merits. A claim in equity is subject to the doctrine of laches, which dictates that a party may not delay in asserting a claim for an unreasonable amount of time after obtaining full knowledge of the relevant facts when the delay results in substantial prejudice to the opposing party. *Menard and Menard*, 180 Or App 181, 185, 42 P3d 359 (2002). Courts often look to an analogous statute of limitation to define a "presumptively reasonable period" within which one may file a claim in equity. *Oregon State Bar v.*

*Wright*, 309 Or 37, 42, 785 P2d 340, *cert den*, 489 US 829 (1990).

Constructive notice of the relevant facts is not sufficient to trigger whatever statute of limitation serves as the presumptively reasonable period. Directly on point is our decision in *Assn. of Unit Owners v. Far West Federal Bank*, 120 Or App 125, 852 P2d 218 (1993). In that case, in 1983, the members of a condominium association filed a complaint against the developers, a bank, the mortgagee of the development, and others. They alleged, among other things, a claim for declaratory relief as to the parties' rights to certain common areas, administration and maintenance buildings, sewer and water facilities, and other interests in the development set forth in a 1972 "Declaration of Unit Ownership" that contained a description of the property interests retained by the developers that was different from the description of the property interests described in an earlier lease agreement. They also asserted a claim for "breach of covenants, damages and constructive trust." The defendants argued that the claims were time-barred because the plaintiffs had had constructive notice of the conflict between the descriptions in the declaration and the lease in 1972, which would put the filing of the complaint beyond both the six-year limitation period that applies to breach of contract actions, ORS 12.080(1), and the ten-year limitation period applicable to actions to determine interests in land, ORS 12.040. *Assn. of Unit Owners*, 120 Or App at 130-31.

We first addressed the claim for declaratory relief. We held that, because the claim arose in equity, constructive notice of possible problems with the plaintiffs' title was not sufficient to trigger the analogous statute of limitation. "[T]hat," we held, "is not the rule in Oregon." *Id.* We explained:

> "A property owner who has record notice of 'possible problems' with the owner's title may, but is not required to, bring an action to eliminate those problems. When a property interest is actually repudiated or challenged, or an adverse claim is asserted against that interest, the property owner is obligated to act within a reasonable time to protect the owner's interest. In the face of such a challenge, an action unreasonably delayed is time barred[.]"

*Id.* (citations omitted).

Turning to the facts of that case, we noted that the plaintiffs did not have actual notice of any adverse claim against their interests until 1980. In fact, we observed, the development was "managed and operated consistently with [the plaintiffs'] understanding of their property interests" until 1980. Under the circumstances, we concluded, their claim did not arise until then, and the 1983 filing was well within the presumptively reasonable period of time that applied. *Id.* at 132.

We then addressed the breach of contract claim. We noted that, although the claim referred to the imposition of a constructive trust, the actual relief requested was money damages. Because a claim for money damages is an action at law, we held, the six-year statute of limitation applies and— in contrast with the analogous limitation period that applied to the equitable claim—began to run when the alleged breaches occurred, back in 1972. Accordingly, we concluded, the claim was time-barred. *Id.* at 134-35.

The dispositive question in this case, then, is whether plaintiff's claim arises in law or in equity. Whether a declaratory judgment proceeding is treated as a legal or equitable proceeding depends on the nature of the underlying claim and the relief sought. *Ken Leahy Construction, Inc. v. Cascade General, Inc.*, 329 Or 556, 571, 994 P2d 112 (1999). Generally, the imposition of a constructive trust is regarded as an equitable remedy. *Derenco v. Benj. Franklin Fed. Sav. and Loan*, 281 Or 553, 558, 577 P2d 477, *cert den*, 439 US 1051 (1978). Likewise, a prayer for specific performance of a covenant is regarded as an equitable remedy. *Combs v. Loebner*, 315 Or 444, 450, 846 P2d 401 (1993).

In this case, plaintiff requests a declaration of rights, the imposition of a constructive trust, and specific performance of the declaration. We conclude that the claim is equitable in nature. As a result, the constructive notice on which the trial court predicated its conclusion that any applicable statute of limitation began to run in 1973 is irrelevant.

Defendants argue that the constructive notice of their failure to convey the common area in 1973 does trigger

the applicable limitation period because the mention of equitable relief in this case actually is only ancillary to what defendants regard as a legal issue about the rights of the parties under the declaration. Saying that a claim for equitable relief is merely ancillary to a claim for legal relief does not make it so, however. In particular, we do not understand how plaintiff's claim for declaratory relief is meaningfully distinguishable from the one that the plaintiffs asserted in *Assn. of Unit Owners*.

Defendants do not discuss the declaratory judgment claim in *Assn. of Unit Owners*, but they nevertheless insist that the claim in this case is analogous to the breach of contract claim in that case that we regarded as a claim arising at law. According to defendants, the court in *Assn. of Unit Owners* ignored the reference to constructive trusts and held that the gravamen of the case was legal in nature, and we should do the same in this case. Defendants, however, ignore the fact that we did so in *Assn. of Unit Owners* because that claim was "solely for money" damages. 120 Or App at 134. There is no claim for money damages in this case.

We therefore conclude that, because plaintiff's claim arises in equity, any statute of limitation that applies as a presumptively reasonable period within which to file began to run when plaintiff first learned of the fact that defendants failed to convey the common area of the subdivision. It necessarily follows that the trial court erred in granting defendants' motion to dismiss on statute of limitation grounds.

Reversed and remanded.