Submitted on record and briefs November 8, reversed and remanded
December 7, 2005

## STANLEY AMES,
*Appellant,*

*v.*

## Jean HILL,
Superintendent,
Snake River Correctional Institution,
*Respondent.*

04-05-3620M; A125247

125 P3d 24

Andrew S. Chilton and Chilton, Ebbett & Rohr, LLC, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Kathleen Cegla, Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

HASELTON, P. J.

## HASELTON, P. J.

Petitioner appeals from the post-conviction court's dismissal of his petition for post-conviction relief, asserting that the post-conviction court erred in dismissing the petition on the ground that it was not filed within the time allowed by ORS 138.510(3).[1] Petitioner argues, in part, that the post-conviction court erred in granting defendant's motion to dismiss on the same day that it was filed, without affording petitioner any opportunity to respond. As explained below, we agree with petitioner. Accordingly, we reverse and remand.

The facts material to our review are undisputed. In May 2004, petitioner filed a petition, alleging that he was entitled to post-conviction relief on various constitutional bases. That petition, while acknowledging that no appeal had been taken from the challenged conviction, did not allege "the date the judgment or order on the conviction was entered in the register." ORS 138.510(3)(a).

On June 4, 2004, defendant filed a "Motion to Dismiss (Statute of Limitations)," with a statement of "points and authorities" that asserted, in part:

"Petitioner was convicted in Klamath County Circuit Court Case No. 9602103CR of Rape in the First Degree and was sentenced to 100-months imprisonment on October 21, 1997. Petitioner did not file a notice of appeal. Therefore Petitioner had until two years from October 21, 1997, in which to file his petition."

As support for the assertion regarding the date of conviction, the "points and authorities" referred to an attached copy of an Oregon Judicial Information Network (OJIN) printout.

The post-conviction court granted defendant's motion to dismiss on the same day that it was filed, June 4,

---

[1] ORS 138.510(3) provides, in part:

"A petition pursuant to ORS 138.510 to 138.680 must be filed within two years of the following, unless the court on hearing a subsequent petition finds grounds for relief asserted which could not have reasonably been raised in the original or amended petition:

"(a) If no appeal is taken, the date the judgment or order on the conviction was entered in the register."

2004. The court entered the judgment of dismissal on the next business day, June 7, 2004.

■     Under ORCP 21 A(9), a complaint or petition is subject to dismissal if that "pleading shows that the action has not been commenced within the time limited by statute." The parties agree, as do we, that the petition in this case did not satisfy that criterion because it is not possible to tell from the face of the petition when petitioner's judgment of conviction was entered in the register.

Nevertheless, defendant contends that the post-conviction court could properly treat her motion to dismiss, with the attachment, as a motion for summary judgment. However, even assuming for the sake of argument that defendant is correct that the court could so treat defendant's motion and consider the "points and authorities" and attached OJIN printout as supporting materials for purposes of ORCP 47 C and D, the court nevertheless erred because it granted the motion before allowing petitioner an opportunity to respond. ORCP 47 C allows a party opposing a motion for summary judgment "20 days in which to serve and file opposing affidavits or declarations and supporting documents." Petitioner was not given *any* opportunity to respond. That was error.

Defendant remonstrates that petitioner failed to preserve the error. It is debatable, at least, that preservation principles are even applicable in these circumstances, *i.e.*, where a trial court, without notice to the adversely affected party and without affording that party the statutorily prescribed period to respond, allows a motion to dismiss and then immediately enters judgment. *See State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000) (purpose of preservation doctrine is to ensure that trial court has opportunity "to identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted"); *Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995) (preservation rules are intended to ensure that parties clearly present arguments to trial court and that parties are not taken by surprise, misled, or denied opportunities to contest opposing arguments). In any event, the post-conviction court's error here, in granting the motion without allowing

the opposing party an opportunity to reply, is "error apparent on the face of the record." *See* ORAP 5.45(2); *State v. Brown,* 310 Or 347, 355, 800 P2d 259 (1990).

■ Finally, defendant contends that, regardless of whether the post-conviction court committed error apparent on the face of the record, we should not exercise our discretion to correct that error. *See Ailes v. Portland Meadows, Inc.,* 312 Or 376, 382 n 6, 823 P2d 956 (1991). Again, we disagree.

In determining whether to exercise our discretion under *Ailes* to correct unpreserved errors, we may consider such factors as the interests of the parties, the nature of the case, the gravity of the error, the ends of justice, and whether the policies behind the rule requiring preservation of error have been served in the case in another way, *i.e.,* whether the trial court was presented with both sides of the issue and given an opportunity to correct any error. *Id.* Here, petitioner, through no fault of his own, was deprived of any opportunity to respond to defendant's argument that the post-conviction petition is untimely, precluding any ability to obtain post-conviction relief for a criminal conviction. That error was grave and contrary to the interests of justice. Further, petitioner had no opportunity before the entry of judgment to bring that error to the post-conviction court's attention. Given those circumstances, we exercise our discretion under *Ailes* and correct the error.

Reversed and remanded.