Argued and submitted November 6, 2014, affirmed October 21, 2015, petition for review denied February 18, 2016 (358 Or 611)

CHRISTOPHER GONZALEZ-AGUILERA,
*Petitioner-Appellant,*

*v.*

Jeff PREMO,
Superintendent,
Oregon State Penitentiary,
*Defendant-Respondent.*

Marion County Circuit Court
10C16814; A151093

360 P3d 730

Rankin Johnson, IV, argued the cause for appellant. On the opening brief were Erin Galli and Galli Law Office, LLC. C. Michael Gonzalez-Aguilera filed the supplemental brief *pro se.*

Jona Jolyne Maukonen, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Erin C. Lagesen, Assistant Attorney General.

Before Ortega, Presiding Judge, and DeVore, Judge, and Garrett, Judge.

GARRETT, J.

## GARRETT, J.

Petitioner appeals a judgment dismissing his petition for post-conviction relief. In the petition, he raised two claims of ineffective assistance of counsel, alleging that his trial attorney failed to adequately investigate his mental health circumstances at the time of his offense and at the time he entered guilty pleas. The post-conviction court dismissed the petition, in its entirety, for failure to prosecute, ORCP 54 (B)(1). Petitioner argues that the post-conviction court plainly erred in doing so. As explained below, even assuming that the court plainly erred, we decline to exercise our discretion to correct any error. We, therefore, affirm the judgment. Petitioner also assigns error to the post-conviction court's ruling that petitioner failed to comply with the attachment requirements of ORS 138.580. But, because we affirm the dismissal of the petition for failure to prosecute, we need not consider that alternative ground for dismissal.[1]

We review the post-conviction court's legal conclusions for errors of law and are bound by its findings of fact, if they are supported by any evidence in the record. *Hale v. Belleque*, 255 Or App 653, 660, 298 P3d 596, *adh'd to on recons*, 258 Or App 587, 312 P3d 533, *rev den*, 354 Or 597 (2013).

The following facts are undisputed. Petitioner pleaded guilty to two counts of assaulting a public safety officer, ORS 163.208. The trial court sentenced petitioner to two consecutive 30-month prison terms. Petitioner sought post-conviction relief, raising two claims of ineffective assistance of counsel. His first claim asserted that his counsel failed to "adequately investigate the facts and circumstances of the incident" for which he was convicted to potentially develop "a legal defense based upon his previous psychiatric history." His second claim asserted that his trial counsel "encouraged and allowed" petitioner to enter guilty pleas "that were not made knowingly, willingly, or intelligently, due to his then[-]current mental state." Petitioner included with his petition a signed affidavit.

---

[1] Petitioner filed a *pro se* brief making additional arguments, which we reject without written discussion.

The state moved to dismiss the petition on the ground that petitioner failed to attach proper documentary evidence of his claims under ORS 138.580 (requiring that "[a]ffidavits, records or other documentary evidence supporting the allegations of the petition shall be attached to the petition"). The state argued that, among other things, petitioner had failed to attach "documentation regarding his alleged mental health background, history or previous diagnosis."[2]

The post-conviction court held a hearing on petitioner's claims. Petitioner appeared by telephone, while his attorney appeared in person. Shortly after the hearing began, petitioner asked the court to appoint him a new attorney. During discussion of that request, petitioner hung up the telephone while the judge was talking. After that, the court concluded the hearing, allowed petitioner's attorney to withdraw, and appointed a new attorney for petitioner. That attorney filed a written response opposing the state's motion, and a subsequent hearing date was set for the motion.

At the next hearing, petitioner again appeared by telephone and again hung up on the judge. The court then asked the state whether there were grounds to dismiss petitioner's complaint for his failure to cooperate during the proceedings. The state, in addition to its written motion to dismiss, then orally moved for dismissal of petitioner's complaint for failure to prosecute his case pursuant to ORCP 54 B(1).[3] Petitioner's attorney replied that he was not "ready to brief" on that point and added that he did not "know that there is or isn't the authority" for the post-conviction court to dismiss the petition as a sanction. The post-conviction court granted the state's motion, explaining, "I think there is legal authority for [the dismissal]" based on petitioner's "rudeness to the Court, and his desire to disconnect when the Court rules against him after hearing his legal argument." The

---

[2] The state also moved to dismiss under ORCP 21 A(8). However, the state did not develop that argument, and the post-conviction court did not rely on ORCP 21 A(8) in making its ruling. Further, the state makes no ORCP 21 A(8) argument on appeal.

[3] ORCP 54 B(1) provides that, should a party fail "to prosecute or to comply with these rules or any order of court, a defendant may move for a judgment of dismissal of an action or of any claim against such defendant."

post-conviction court then dismissed petitioner's complaint in its entirety for failure to prosecute.

Petitioner moved for reconsideration. In a supporting affidavit, petitioner requested that the post-conviction court "reevaluate Petitioner's actions in light of his mental health history and reconsider its decision accordingly." Petitioner attached two exhibits that, he stated, would have been offered if the earlier hearing had proceeded. The first exhibit contained petitioner's medical records from May to September 2008, while he was incarcerated, and related primarily to petitioner's physical health and dietary preferences, with some references to petitioner's feelings of anxiety, depression, and insomnia, a mood disorder, and a provider's note that petitioner was "possibly bipolar." The second exhibit consisted of petitioner's childhood dependency records from 1976 to 1980, with note of a diagnosis of "Schizophrenic Reaction of Childhood" in 1980.

The state opposed petitioner's motion for reconsideration, arguing that the petition should be dismissed "in its entirety" for failure to prosecute because of petitioner's "rude and disrespectful" behavior and his disinterest in "advanc[ing]" his case. The state also argued that, with regard to the attachment requirements, petitioner's new submission still failed to comply with ORS 138.580 because neither exhibit was probative of petitioner's mental health at the time he committed his offense or when he made his plea deal.

The post-conviction court granted reconsideration "regarding petitioner's claim that his trial counsel failed to investigate the underlying facts and circumstances * * * in regards to potential mental health defenses" but denied reconsideration as to the dismissal of the petition for failure to prosecute. Upon examination of petitioner's submitted exhibits, the court concluded, in a letter opinion, that petitioner's attachments were not sufficient because there was "no merit to Petitioner's claim that he had a diagnosed Axis I mental illness that would serve as a legal defense to his criminal charges." The post-conviction court then issued two orders. The first order stated that the court had granted reconsideration "as to petitioner's claims that his trial

counsel failed to investigate the underlying facts and circumstances of petitioner's conviction in regards to potential mental health defenses at the time of the incident/offense." The first order also granted the state's motion to dismiss the petition for failure to satisfy attachment requirements and denied reconsideration of the court's dismissal of the petition for failure to prosecute. The second order granted the state's motion to dismiss the petition in its entirety for failure to prosecute.

On appeal, petitioner argues that both of the post-conviction court's bases for dismissal were erroneous. In his first assignment of error, he argues that the post-conviction court erred in dismissing his petition for lack of prosecution because petitioner's actions did not constitute a "failure to prosecute" his case and, even if they did, the court failed to consider other, available sanctions that were less severe. In his second assignment of error, he argues that the post-conviction court erred in dismissing his first claim for failure to meet the requirements of ORS 138.580.

As we understand the proceedings in the post-conviction court, the court initially dismissed the entire petition for failure to prosecute. The court then granted petitioner's motion for reconsideration, but, in doing so, the court's order addressed only petitioner's claim that "his trial counsel failed to investigate the underlying facts and circumstances of petitioner's conviction in regards to potential mental health defenses at the time of the incident/offense[,]" *i.e.*, his first claim. The order made no mention of petitioner's second claim for relief, regarding the validity of his plea agreement. The post-conviction court adhered to its ruling dismissing the entire petition for failure to prosecute; as a result of its reconsideration, the court then, in effect, dismissed petitioner's first claim on a second, alternate ground—that petitioner had failed to satisfy the attachment requirement of ORS 138.580. Because the post-conviction court did not grant reconsideration as to petitioner's second claim for relief, the only basis on which the court dismissed that claim was for failure to prosecute.

Because the post-conviction court dismissed both of petitioner's claims for relief on the basis that he failed

to prosecute those claims, and we affirm on that basis, we address only petitioner's first assignment of error and need not consider the post-conviction court's alternative basis for dismissing the first claim. Petitioner concedes that he did not preserve his argument that the post-conviction court erred in dismissing his petition for lack of prosecution. Nonetheless, he contends that he should be excused from the preservation requirement because "he had no reasonable opportunity to respond to the state's motion." We disagree.

It is true that, "[i]n some circumstances, the preservation requirement gives way entirely, as when a party has no practical ability to raise an issue." *Peeples v. Lampert*, 345 Or 209, 220, 191 P3d 637 (2008). In this case, however, petitioner had a practical ability to alert the post-conviction court to its purported error in dismissing his complaint for lack of prosecution. At the hearing, petitioner's attorney signaled to the post-conviction court, in response to the state's oral motion to dismiss, that he believed it was unclear whether the court could dismiss for failure to prosecute under the circumstances. Petitioner then filed a motion for reconsideration of the dismissal. In that motion, however, although petitioner asked the court to reconsider its decision to dismiss petitioner's complaint for failure to prosecute "in light of his mental health history[,]" petitioner did not make any argument that the court lacked the authority to dismiss the petition for failure to prosecute. Rather, petitioner merely requested that the court reconsider its decision in light of the evidence that petitioner submitted about his mental health. If petitioner believed, as he argues on appeal, that the post-conviction court actually could not properly dismiss his petition for failure to prosecute, the motion for reconsideration would have been an appropriate vehicle for making that argument. In short, because petitioner had opportunities, both at the hearing and on reconsideration, to bring the alleged error to the attention of the post-conviction court, this is not a case in which we would conclude that petitioner's failure to preserve his claim is excusable.

Petitioner requests that we review his claim as plain error, arguing that the post-conviction court plainly erred when it dismissed his case for lack of prosecution under ORCP 54 B(1). In so arguing, petitioner contends

that "there is no reasonable dispute that the post-conviction court lacked the authority to dismiss the case based solely on petitioner's actions." An error is plain when it is (1) an error of law; (2) apparent and not reasonably in dispute; and, (3) on the face of the record, in that a reviewing court need not choose between competing inferences to identify it. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). If an error is plain, we must still decide whether to exercise our discretion to correct the error. *Id.* at 382.

Here, petitioner contends that the post-conviction court plainly erred in dismissing his petition for failure to prosecute because his actions in twice hanging up on the judge did not constitute a failure to prosecute his case and the court did not consider other sanctions less severe than dismissal. The state responds that it is within a post-conviction court's discretion to dismiss an action if the circumstances warrant dismissal.

We conclude that it is not necessary to resolve the question whether the post-conviction court plainly erred, because, even assuming that it did, we would decline to exercise our discretion to correct that error. We have consistently declined to correct error when a party could have easily alerted the trial court to the alleged error but did not do so. *See, e.g., State v. Spainhower*, 251 Or App 25, 26 n 1, 283 P3d 361 (2012) (even assuming a contempt sanction was plain error, the court declined to correct the error because "a key factor guiding our discretion is whether the trial court was, in some manner, presented with both sides of the issue and given an opportunity to correct any error[,]" that defendant could have "raised the issue * * * before imposition of the [contempt] sanction[,]" and that "[h]ad he done so, the court might have been persuaded to change its ruling") (internal quotation marks omitted); *State ex rel Dept. of Human Services v. J. N.*, 225 Or App 139, 145, 200 P3d 615 (2009) (declining to exercise discretion to review plain error when court failed to make required findings because, had the findings been requested, "the trial court easily could have complied with the request"); *State v. Kelsey*, 124 Or App 446, 448-49, 863 P2d 475 (1993) ("Had defendant raised his contentions in the trial court, it could have corrected the alleged errors he now raises on appeal."). *Accord*

*Ames v. Hill*, 203 Or App 30, 34, 125 P3d 24 (2005) (exercising discretion to correct error apparent on the record where, "through no fault of his own, [petitioner] was deprived of any opportunity to respond to [the state's] argument" and "petitioner had no opportunity before the entry of judgment to bring that error to the post-conviction court's attention").

In this instance, as explained above, petitioner had opportunities to bring the alleged error to the attention of the post-conviction court. First and foremost, petitioner's attorney expressed at the hearing that he was not "ready to brief" whether the post-conviction court had the "authority" to dismiss for failure to prosecute; however, he did not *object* to the dismissal of the petition on those grounds. Also relevant to our consideration is the fact that, in the motion for reconsideration, petitioner did not develop any argument regarding the trial court's authority to dismiss the petition for failure to prosecute.[4] If he had, the court would have had "an opportunity to correct any error prior to entry of a judgment." *Ailes*, 312 Or at 382 n 6, 382 (explaining preservation principles and recognizing that "[a] court's decision to recognize unpreserved or unraised error * * * should be made with utmost caution" as "[s]uch an action is contrary to the strong policies requiring preservation and raising of error"). In short, we conclude that this is not a case that would warrant exercising our discretion to correct a plain error, even assuming that a plain error occurred.

Affirmed.

---

[4] Under the circumstances of this case, we consider whether petitioner took the opportunity to alert the trial court to the alleged error prior to the entry of a judgment as a relevant factor in our decision to not exercise our discretion to correct the alleged plain error. *See Northwest Country Place v. NCS Healthcare of Oregon*, 201 Or App 448, 458, 119 P3d 272 (2005) (reasoning that, when a trial court issues a legally erroneous ruling, "it is incumbent upon the party disadvantaged by that error to bring it to the trial court's attention before the entry of judgment"). We have considered a party's motion for reconsideration made before entry of a judgment as an opportunity for a trial court to correct any alleged error in other cases. *See Voth v. State of Oregon*, 190 Or App 154, 157-58, 78 P3d 565 (2003) ("Because plaintiff's motion for reconsideration was made before the court's final ruling was made by order or by judgment, the court had the opportunity to change its ruling before it finally made it.").